CASE 71—EQUITY—OCTOBER 25, 1884.

## Dodge's Adm'r v. Moss, &c.

| 82 | 441 |
|105 | 666 |

APPEAL FROM HICKMAN COURT OF COMMON PLEAS.

E. C. conveyed a tract of land to W., in consideration that he would pay the former's debts.

Dodge's Adm'r v. Moss, &c.

1. *Held*—The vendor can not, after the creditors have accepted, release W., the vendee, from liability on the promise.
2. That the party, for whose benefit a promise is made to another, may maintain an action upon such promise against the party who has made it,. has long since been settled.
3. The creditors have a lien upon the land for the payment of their debts.'

WM. LINDSAY. JNO. & J. W. RODMAN and W. R. BRADLEY
FOR APPELLANT.

1. When Crossland and Walker entered into the written agreement, the only debts the former owed were the debt of Lee and the debts of Proctor and Smedley, for which appellant, Dodge, was bound as assignee. He did not owe appellee one dollar.
2. Considering all the circumstances it is evident that the parties understood that they were contracting that the land should be paid for by Bullock, he putting in his execution purchase lien of $2,000, which he could *arrange with his client*, and that Dodge should pay for his one-third, by taking up the debts of Smedley, Proctor and others, to whom he was bound as assignee.
3. The presumption from the lapse of time between the purchase by Walker and the institution of this action, is that Bullock's creditors accepted the purchase of the one-third in the land, as having been made for them.
4. The contract or obligation is not enforceable. (Garvin v. Mobley, 1 Bush; 7 Bush, 590.)

GEO. L. HUSBAND, W. G. RAY for APPELLEES.

1. The doctrine is now settled that the party, for whose sole benefit a contract is made, may sue thereon in his own name, although the enjoyment be not directly to or with him. (Atlers v. Thomas, 3 Met., 199; Smith v. Louis, 3 B. Mon., 230; Garvin v. Mobley, 1 Bush, 48.)
2. The attempted cancellation of the agreement by Crossland and Walker is void and can not affect his creditors.
3. Appellees' lien was obtained by the purchase of Crossland's equity of redemption on the land. (Burdett v. Clay, 8 B. Mon., 295; Holcomb Eq. Ju., 243; Dowdy v. Moss, 1 Bush, 161; Civil Code, subsection 1,. section 756; Maxwell v. Dudley, 13 Bush. 407; 14 *Ib.*, 185.)

JUDGE LEWIS DELIVERED. THE OPINION OF THE COURT.

In 1858, Edward Crossland was the owner of a tract of five hundred and thirty acres of land, devised to him by his father, and to secure the payment of a debt for the nominal amount of about $3,400, he executed a mortgage upon it to one L. M. Lee, who instituted an

action against Crossland to enforce his lien and subject the land to the payment, of his debt. Pending that action, appellees, who each had recovered judgment against Crossland, by the advice of appellant, Bullock, who was their attorney, caused executions to issue, and be levied upon Crossland's equity of redemption in the land, and, at the sale thereof, Bullock purchased it as attorney for the sum of $2,000. Though the return of the officer who levied and sold shows that Bullock purchased as attorney, he, in his own name, filed a petition to be made a party to the action of Lee v. Crossland, and, being so made, set up the indebtedness on account of his bid of $2,000, and also controverted Lee's right to recover the whole amount claimed by him; and, upon final hearing, it was adjudged that he was entitled to recover against Crossland only about $2,400 instead of $3,400, the amount sued for. By that judgment, the land was directed to be sold to satisfy, first, the debt of Lee; second, the $2,000 bid by Bullock for the equity of redemption and interest at ten per cent. from April, 1858, until paid; third, a debt of one Herriford; fourth and fifth, debts of Smedley and Proctor, for about $500 each, which J. R. Dodge, deceased, subsequently became the owner of.

On the day the land was sold by the commissioner of court, and, as we think is shown by the preponderance of the evidence, before the sale took place, a written contract was entered into between Crossland of the one part, and Walker, Bullock and Dodge, of the other, by which it was agreed that he (Crossland) should procure his wife's relinquishment of dower in the land, and convey it to Walker, if he (Walker) would pay off the

debts mentioned in the judgment before referred to, and some others he was owing. It was, however, under-stood that Walker, with a view to get as long indulgence as possible, was to bid for the land when offered for sale by the commissioner, and he did bid it in at about $3,600, and was reported to court as the purchaser. Crossland afterward conveyed the land to Walker for the expressed consideration of $6,000, his wife uniting with him in the deed.

We think the evidence satisfactorily shows that both Dodge and Bullock were parties to this contract, and were, under it, entitled each to an undivided third of the land, and bound, as between them and Walker, to pay one-third of the debts of Crossland, which amounted to about $6,000.

The written contract is not filed, and appears to have been lost or mislaid by Crossland. But he proves the contents of it, and his statement is not controverted by Bullock, nor the personal representatives of Dodge and Walker, who are parties to the action.

This action was instituted January, 1867, by Moss and others, the clients of Bullock, and creditors mentioned in the judgment rendered in the action of Lee v. Crossland, &c., to recover personal judgment for the sum of $2,000, with interest at the rate of ten per cent., against Bullock and the personal representatives of Walker and Dodge, and to enforce their alleged lien upon the land purchased by Walker and conveyed to him by Crossland and wife.

It will be perceived that all the creditors whose debts were provided for in the contract between Crossland and Walker, Bullock and Dodge, do not unite as plaint-

iffs in this action, nor have they sought to recover under that contract.

But the failure of the other creditors to sue, need not prejudice the rights of Moss and others, for whom the equity of redemption was purchased by Bullock, nor prevent them from recovering, if they have any right of action founded upon the written agreement made by Walker, Bullock and Dodge with Crossland, in 1859, And whether they have such right of action is the main question in this case.

That a party, for whose benefit a promise is made to another person, may maintain an action upon such promise against the party who has made it, though not made to the plaintiff, is a proposition too well settled by this court to require a citation of cases to support it.

But it appears that, in 1864, Crossland, for the consideration of about $200, in writing signed and delivered to Walker, agreed to cancel and annul the contract entered into between himself and Walker, Bullock and Dodge in 1859.

From Crossland's deposition it appears that at the time the release was executed, he was a soldier in the Confederate army, not in a position to know whether the representations made to him by Walker, and which he states induced him to execute the release, were true or not. These representations to him were that all the debts provided for in the contract, except one due to Herriford, had been paid by him, Walker, Bullock and Dodge.

As the representations were not true, clearly, even Crossland would not be bound by the release, if they should be pleaded in avoidance. But the plaintiffs in

the action do not, in their pleadings, rely upon fraud or any thing else in avoidance of that release, but it is left to have its full legal effect. Consequently the question arises, whether Crossland had the right, in 1864, to annul the contract made in 1859, for the benefit of his creditors, so as to deprive them of their right of action upon it.

It seems to be conceded that if they had accepted the contract of 1859, Crossland would not have thereafter had the power to annul it. But it is contended that they had never, in any way, accepted or assented to it, and, therefore, the release executed by Crossland, in 1864, operated to deprive them of any right under it. This position is in accordance with the doctrine announced by this court in the case of Jones v. Higgins, MS. opinion, October, 1882, and we see no reason to now depart or dissent from its correctness ; but can it be assumed that the creditors of Crossland, or those who were the clients of Bullock, had not accepted the contract of 1859 ?

We are of the opinion it can not, but, on the contrary, they did accept it.

It is admitted by Bullock that his object in becoming a party to that contract was to save the amount, $2,000, bid by him for Crossland's equity of redemption, and that amount he expected to be considered by Walker and Dodge as a payment of his one-third of the $6,000, the consideration expressed in the deed from Crossland to Walker as the purchase price of the land. Bullock did not own the debt of $2,000, but it belonged to his clients. He was not attempting by the arrangement to save a debt of his own, but theirs. He did not sustain

the relation of creditor toward Crossland, but his clients did. Being a party to the written agreement, made for the benefit of his clients and in their interests, his act must be regarded as theirs, and equivalent to an acceptance by them of the contract between Crossland, Walker, Dodge and himself.

The circumstances of this case make it too plain to doubt that what Bullock did was in the interest of, and for his clients, and that Crossland, Walker and Dodge were well aware of the attitude Bullock occupied, and of the object he had in uniting in the contract here sought to be enforced.

The plaintiff, in this action, having thus practically and to every legal intent accepted that contract, Crossland had no right, in 1864, to release the parties to it, and consequently appellees were entitled to the judgment rendered, which appears to be the sum of $2,000, and interest counted thereon from 1859.

It follows necessarily that if appellees, under that contract, have the right of recovery, they also have a lien on the land to secure the payment of their debt.

It was suggested before the judgment was rendered that there was a defect in the title to a portion of the land, arising from a mistake made in the will of Samuel Crossland, and also in the deed of Edward Crossland in describing it. But this action had been pending from 1867, and the plaintiffs in the action should not have been required to longer continue the case, and we are not disposed to reverse the judgment for the alleged error of the lower court in refusing to longer continue it.

Appellant, Dodge, administrator of J. R. Dodge,

complains because the court refused to render judgment, at the same time adjusting and settling the rights. of himself, Bullock and Walker. But this question does affect appellees; and, moreover, a judgment has since been rendered in the case of Lee's Adm'r v. Walker's Adm'r, consolidated with this action, ascertaining and determining the rights of the parties to the contract of 1859.

The judgment is affirmed.