### B. F. WITHERS v. R. A. POE & CO. ET AL.

(Filed 2 December, 1914.)

Contracts—Corporations—Assumption of Liabilities—Consideration—Debtor and Creditor.

An agreement made between two sole remaining shareholders in a corporation upon a valuable consideration moving between themselves, that one should take over the assets and assume the liabilities of the corporation, and the other assist in the collection of the assets under certain circumstances, is valid and binding between the parties; and contemplating the payment of the corporation's debts, its creditor has a right of action thereunder against the partner assuming its liabilities, under the consideration of the contract made in their interest. *Supply Co. v. Lumber Co.,* 160 N. C., 428, cited and applied; *Morehead v. Winston,* 73 N. C., 398, overruled.

APPEAL by plaintiff from *Shaw, J.,* at October Term, 1914, of MECK-LENBURG.

Civil action, heard on appeal from a justice's court. The action was to recover $191.06, with interest from 22 April, 1913, for goods and building material sold by plaintiff to defendant.

Defendant denied liability and pleaded statute of frauds, want of valuable consideration, etc.

On the hearing there was evidence offered tending to show that plaintiff had sold building material to said amount to defendant company and had not been paid therefor; that at the date of the execution of the contract of indebtedness R. A. Poe and D. S. Caldwell were the only stockholders of the corporation, said Poe being the president and general manager and D. S. Caldwell secretary and treasurer, and in December, 1913, these parties, in adjustment of the corporate affairs and related matters between themselves, entered into a written contract, under seal, in terms as follows:

"That the said D. S. Caldwell, for and in consideration of the sum of $1 to him in hand paid, and in the further consideration of the premises hereinbefore and hereinafter set out, doth hereby covenant and agree, and for that purpose doth bind himself, his heirs, executors, administrators, successors, and assigns, to pay and cause to be paid to the said R. A. Poe, within sixty days from the date of this agreement, the sum of $250 in good and lawful United States currency.

"Second. That I hereby release and relinquish and give unto the said R. A. Poe the sum of $50, which I heretofore advanced to him, and to no longer hold him liable for same.

"Third. Further, the said D. S. Caldwell covenants and agrees to liquidate, discharge, and pay, and cause to be liquidated, discharged, and paid, one note of $75, belonging to the said R. A. Poe, same being due and payable to the Charlotte National Bank of the city of Charlotte.

"Fourth. The said D. S. Caldwell further agrees that the said R. A. Poe is to have, in his own right and title, all property belonging to the said R. A. Poe & Co. in which the said D. S. Caldwell is interested, as evidenced by ten shares of certificate stock of the said company, over and above all moneys, machinery, or fixtures, or other things of value that is in excess of $5,811.78.

"The said D. S. Caldwell assumes the indebtedness of said R. A. Poe & Co., and releases R. A. Poe from all obligations except as set out in this agreement.

"Fifth. The said party of the second part doth covenant and agree, for and in consideration of the sum of $1 to him in hand paid, the receipt of which is hereby acknowledged, and for that purpose doth bind himself, his heirs, executors, administrators, successors, and assigns, to the following: That the said R. A. Poe will give so much of his time as may be necessary, and use his best efforts in securing from the town of Brevard, N. C., a final settlement of the balance due the said R. A. Poe & Co.; and further doth agree that he will endeavor to sell all machinery turned over to the said R. A. Poe & Co. by the town of Brevard, at the

"In witness, etc.   .   .   ."

That in making this adjustment, this particular account was included in estimating the amount of the company's indebtedness; that prior to entering into the above stated contract the company had been engaged in paving the streets of the town of Brevard, N. C., and, having failed to carry on the work satisfactorily, the town authorities took over the contract, machinery, fixtures, etc., and completed the job; that there was due and owing R. A. Poe & Co., on said work, $8,000 or $9,000, including money earned under the contract, machinery, fixtures, appliances, etc., taken by the town and still unaccounted for, but that the demand was involved in longer time, and D. S. Caldwell had not yet realized anything on same.

The court, being of opinion that there was no consideration accruing to defendant Caldwell on which to base the contract, and that the instrument was only an agreement between the parties, D. S. Caldwell and R. A. Poe, in which plaintiff had no interest, on motion, entered judgment of nonsuit as to said defendant, and plaintiff excepted and appealed.

*Thaddeus A. Adams for plaintiff.*
*T. L. Kirkpatrick and H. L. Taylor for defendant.*

HOKE, J., after stating the facts: In *Supply Co. v. Lumber Co.,* 160 N. C., 428, it was held that "the beneficiaries of a contract can ordinarily recover, though not named therein, when it appears by express stipulation or reasonable intendment that their rights and interests were contemplated and being provided for." The ruling was intended as an interpretation of several of the later decisions in which the principle was announced and sustained, notably, *Gastonia v. Engineering Co.,* 131 N. C., 363; *Shoaf v. Ins. Co.,* 127 N. C., 308, and *Gorrell v. Water Co.,* 124 N. C., 328, and where the same applies, the consideration moving between the parties named, like the obligation, inures to the benefit of the claimant, and will sustain a recovery on the contract. This was expressly held in all of these cases, that of *Shoaf v. Ins. Co.* bearing perhaps the greatest resemblance to the one now before us.

In *Shoaf's case* one company had reinsured all the outstanding risks of another and taken over its assets. A recovery by a policy-holder was allowed directly against the latter company, although there was an express stipulation that no such direct liability should attach, and *Faircloth, J.,* in stating the position as applied to the facts of that case, said: "If A., on receipt of good and sufficient consideration, agrees with B. to assume and pay a debt of the latter to C., then C. may maintain an action directly on such contract against A., although C. is not privy to the consideration received by A.; and *Johannes v. Ins. Co.,* 66 Wis., is in recognition of the same general principle."

The cases in this State where recovery by third parties has been denied have been chiefly on contracts giving no indication that the interests of these persons were contemplated or being provided for, as in contracts of strict indemnity, a case presented in *Clark v. Bonsal,* 157 N. C., 270, and in which there was nothing to indicate that the interests of third persons were at all considered, and the case of *Peacock v. Williams,* 98 N. C., 324, may be referred to a like principle. It seems that the case of *Morehead v. Winston,* 73 N. C., 398, cannot be reconciled with the later decisions involving the position, and, to that extent, same may be considered as overruled.

From the facts, as they are now presented in the record, it appears that D. S. Caldwell, for valuable consideration moving between himself and R. A. Poe, has covenanted for himself, heirs, assigns, and successors, to assume the indebtedness of R. A. Poe & Co., and to release said Poe from any and all obligation except to aid in collecting the assets, and it further appears that these assets, to the amount of $5,811.78, have been withdrawn from any and all control of said R. A. Poe and set apart, if required, for the purpose of paying such indebtedness, and, applying the principle as it now prevails with us, we think it thus sufficiently appears that the interest of the company's creditors, including plaintiff, were being considered and provided for in the contract, and, if the facts stated are accepted by the jury, that plaintiff is entitled to recover.

For the reasons stated, we must hold there was error in entering judgment of nonsuit, and the same will be set aside.

Reversed.