FEDERAL LAND BANK OF COLUMBIA, CITIZENS BANK OF YANCEY, JOSEPH F. FORD, TRUSTEE, AND C. C. GREENWOOD v. THE ATLAS ASSURANCE COMPANY

AND

FEDERAL LAND BANK OF COLUMBIA, JOE M. BURLISON, AND C. C. GREENWOOD v. GLOBE AND RUTGERS FIRE INSURANCE COMPANY OF THE CITY OF NEW YORK.

(Filed 19 December, 1924.)

1. **Insurance—Fire Insurance—Contracts—Policies—Mortgages.**

    A mortgagee has a direct insurable interest in a policy of fire insurance taken out by the owner, made payable in event of loss to himself and the mortgagee as their respective interests may appear, and the interest of the mortgagee being separate and distinctive, he is not responsible under the provisions of the policy for a subsequent change in ownership or of title made by the owner without his knowledge, and such defense by the insurance company as to the mortgagee's interest is not available to it.

2. **Same—Principal and Agent—Ratification.**

    Where the owner of the premises covered by a policy of fire insurance has therein protected the interest of the mortgagee under the standard form of policy, without the knowledge of the mortgagee, the rights of the mortgagee having been acquired under the policy itself and in accordance with its terms it is not required that he ratify the acts of the owner in order for him to recover upon the policy, his right thereto

existing under the contract made for his benefit, and in accordance with its terms. As to the rights of the original parties to rescind the contract without the consent of the mortgagee, *quere?*

### 3. Same—Waiver.

Where there is a coinsurance clause in a policy of fire insurance, making the several insurance companies ratably liable in the event of loss by fire, correspondence after the loss has occurred by the attorney of the mortgagee, whose rights are covered by the policy, as to releasing one of the companies from liability, in inadvertence to this feature of ratable liability, is *held* not to be a waiver of the mortgagee's right to recover, under the circumstances of this case.

APPEAL by defendants from *Finley, J.,* at September Term, 1924, of BUNCOMBE.

Civil actions, consolidated and tried upon the following issues:

"1. Did Joe M. Burlison, on or about 23 July, 1919, execute a mortgage to the plaintiff, Federal Land Bank of Columbia, securing the payment of the sum of $4,800 and interest, as alleged in the complaint? Answer: 'Yes.'

"2. Did the defendant, Globe and Rutgers Fire Insurance Company, issue its policy in the name of Joe M. Burlison and attach thereto a standard mortgage clause in favor of the Federal Land Bank of Columbia, as alleged in the complaint? Answer: 'Yes.'

"3. Did said Joe M. Burlison, on 9 August, 1919, convey the lands described in the complaints to C. C. Greenwood, as alleged in the answers? Answer: 'Yes.'

"4. If so, was the plaintiff, Federal Land Bank of Columbia, without knowledge of such conveyance until after the buildings insured by said policy had been destroyed by fire, as alleged in the complaint? Answer: 'Yes.'

"5. Did said C. C. Greenwood execute a deed of trust to Joseph F. Ford, as trustee, securing the payment of $5,680.20 to Joe M. Burlison, as alleged in the answer? Answer: 'Yes.'

"6. If so, was the plaintiff, Federal Land Bank of Columbia, without knowledge of the execution of said deed of trust until after the buildings insured by said policy had been destroyed by fire, as alleged in the complaint? Answer: 'Yes.'

"7. Did the defendant, Atlas Assurance Company, on 8 December, 1920, issue its policy of insurance in the name of C. C. Greenwood and attach thereto a standard mortgage clause in favor of the Federal Land Bank of Columbia, as alleged in the complaint? Answer: 'Yes.'

"8. If so, was the Federal Land Bank of Columbia without knowledge of the issuance of the policy by said Atlas Assurance Company until

after the buildings so insured had been destroyed by fire, as alleged in the complaints?   Answer: 'Yes.'

"9. Did said C. C. Greenwood, in September, 1920, assign and transfer to L. L. Jenkins all of his right, title and interest in and to said lands, as alleged in the answers?   Answer: 'Yes.'

"10. If so, was said Federal Land Bank of Columbia without knowledge of such assignment or transfer until after the buildings insured by the defendants had been destroyed by fire, as alleged in the complaints? Answer: 'Yes.'

"11. Were the buildings so insured and mentioned in said policies of insurance issued by defendants wholly destroyed by fire on 10 January, 1921, as alleged in the complaint?   Answer: 'Yes.'

"12. What was the actual value of the dwelling-house, described in the policies of the defendants, at the time of its destruction by fire? Answer: '$5,000.'

"13. What was the actual value of the barn, described in the policies of the defendants, at the time of its destruction by fire?   Answer: $'1,500.'

"14. What was the actual value of the smokehouse, described in the policy of the defendant, Atlas Assurance Company, at the time of its destruction by fire?   Answer: '$200.'

"15. What amount is due the Federal Land Bank of Columbia on the notes of said Joe M. Burlison secured by said mortgage to said Federal Land Bank of Columbia?   Answer: '$5,030.27, as of 1 September, 1924.'

(All the above issues by consent.)

"16. What amount, if any, is the Federal Land Bank of Columbia entitled to recover of the defendant, Globe and Rutgers Fire Insurance Company?   Answer: '$1,295.30.'

"17. What amount, if any, is the Federal Land Bank of Columbia entitled to recover of the defendant, Atlas Assurance Company? Answer: '$3,734.97.'"

Judgment on the verdict for plaintiff, from which the defendants appeal, assigning errors.

*Mark W. Brown for plaintiff.*

*Merrimon, Adams & Johnston, and Tillett & Guthrie for Atlas Assurance Company.*

*Bourne, Parker & Jones, and Ferguson & Vinson for Globe and Rutgers Fire Insurance Company.*

STACY, J.   This is a consolidation of the two cases, *Bank v. Ins. Co.,* 187 N. C., 97, and *Bank v. Assurance Co.,* 187 N. C., 851, which were before us at the Fall Term, 1923, and remanded for trial in accordance

with the opinions announced at that time. The facts, appearing on the present record, as established by the verdict, are slightly different from what they were on the former appeals, though not materially so.

It is the position of the Atlas Assurance Company (hereafter called the Atlas Company) that at the time it issued its policy of insurance to C. C. Greenwood, 8 December, 1920, with a standard mortgage clause attached in favor of the Federal Land Bank of Columbia, mortgagee or trustee, as its interest might appear, the said C. C. Greenwood had assigned and transferred all his right, title and interest in and to the lands in question to L. L. Jenkins, as disclosed by the ninth issue, above set out, and that, for this reason, said policy is void because of the following stipulations incorporated therein:

"This entire policy shall be void unless otherwise provided by agreements in writing added hereto.

"Ownership, etc.—(a) If the interest of the insured be other than unconditional and sole ownership; or (b) if the subject of insurance be a building on ground not owned by the insured in fee simple; or (c) if, with the knowledge of the insured, foreclosure proceedings be commenced or notice given of sale of any property insured hereunder by reason of any mortgage or trust deed; or (d) if any change, other than by the death of an insured, take place in the interest, title or possession of the subject of insurance (except change of occupants without increase of hazard; or (e) if this policy be assigned before a loss.

"Unless otherwise provided by agreement in writing added thereto, this company shall not be liable for loss or damage occurring.

"Other Insurance.—(a) While the insured shall have any other contract of insurance, whether valid or not, on property covered in whole or in part by this policy; or

"Increase of Hazard.—(b) While the hazard is increased by any means within the control or knowledge of the insured," etc.

There was evidence on the former record—denied, of course, by the defendant, and not appearing on the present record — sufficient, we thought, to permit the inference that the assignment by Greenwood to Jenkins was no more than a pledge for the security of a debt; and that said transaction was known to the agent of the Atlas Company at the time of the issuance of the policy. This, if true, would have amounted to a waiver of the stipulation of "unconditional and sole ownership," under authority of *Ins. Co. v. Lumber Co.,* 186 N. C., 269, and cases there cited. We now have a direct finding that Greenwood was not the absolute owner of the property at the time of the issuance of the policy by the Atlas Company. Does this render the entire policy void, including the standard mortgage clause in favor of the plaintiff bank? This is one of the questions to be decided.

It will be observed that while Greenwood had assigned and transferred his interest in the property to Jenkins, and therefore was not the sole and unconditional owner at the time of the issuance of the policy by the Atlas Company, yet he did have an insurable interest in the property, for the reason that prior to the issuance of said policy Greenwood had executed his notes and given a mortgage on the property for $5,680.20; and a destruction of the buildings by fire would thus have increased his individual liability and caused him to suffer a loss. Any interest is insurable if the peril against which insurance is made would bring upon the insured, by its immediate and direct effect, a pecuniary loss. *Carter v. Humboldt Fire Ins. Co.,* 12 Iowa, 287. "It is well settled that any person has an insurable interest in property by the existence of which he will gain an advantage, or by the destruction of which he will suffer a loss, whether he has or has not any title in, or lien upon, or possession of the property itself." *Harrison v. Fortlage,* 161 U. S., 57; *Batts v. Sullivan,* 182 N. C., 129; 14 R. C. L., 910.

We disposed of this question when the cases were here before, as follows: "With respect to the rights of the mortgagee under the standard mortgage clause, it is the generally accepted position that this clause operates as a separate and distinct insurance of the mortgagee's interest, to the extent, at least, of not being invalidated by any act or omission on the part of the owner or mortgagor, unknown to the mortgagee; and, according to the clear weight of authority, this affords protection against previous acts as well as subsequent acts of the assured," citing a number of authorities.

It would probably be sufficient to say that this has now become the law of the case (*Strunks v. R. R., ante,* 567), and go no further; but, without invoking the principle of "the law of the case," it may be well to observe that such is in accord with the general trend of the decisions on the subject. *Germania Fire Ins. Co. v. Bally,* A. L. R. (Ariz.), 492. In 14 R. C. L., 1038, the following statement is made: "This provision (standard or union mortgage clause) is held by most courts to operate as an independent contract between the insurer and the mortgagee; and while some courts consider that the mortgagee's rights are defeated by a breach of warranty by the mortgagor at the inception of the contract, the weight of authority is to the contrary." And this is supported by a large number of citations.

In *Syndicate Ins. Co. v. Bohn,* 65 Fed., 165, the Circuit Court of Appeals, Eighth Circuit, in holding a policy void as to the mortgagor, or owner, because of misrepresentation in regard to the sole and unconditional ownership of the property, and valid as to the mortgagee, under the standard mortgage clause, speaking through *Judge Sanborn,* said: "Our conclusion is that the effect of the union mortgage clause, when

attached to a policy of insurance running to the mortgagor, is to make a new and separate contract between the mortgagee and the insurance company, and to effect a separate insurance of the interest of the mortgagee, dependent for its validity solely upon the course of action of the insurance company and the mortgagee, and unaffected by any act or neglect of the mortgagor, of which the mortgagee is ignorant, whether such act or neglect was done or permitted prior or subsequent to the issue of the mortgage clause."

We hold, therefore, in keeping with our own and other decisions, that the breach of representation on the part of Greenwood as to his sole and unconditional ownership of the property, unknown to the Federal Land Bank of Columbia, is not sufficient to defeat the mortgagee's rights under the following pertinent provisions of the standard mortgage clause attached to the policy in suit:

"Loss or damage, if any, under this policy, shall be payable to Federal Land Bank of Columbia, S. C., trustee under first mortgage, and Joseph F. Ford, trustee under second mortgage, mortgagee (or trustee), as interest may appear; and this insurance, as to the interest of the mortgagee (or trustee) only therein, shall not be invalidated by any act or neglect of the mortgagor or owner of the within described property, nor by any foreclosure or other proceedings or notice of sale relating to the property, nor by any change in the title or ownership of the property, nor by the occupation of the premises for purposes more hazardous than are permitted by this policy: *Provided,* that in case the mortgagor or owner shall neglect to pay any premium due under this policy, the mortgagee (or trustee) shall, on demand, pay the same: *Provided, also,* that the mortgagee (or trustee) shall notify this company of any change of ownership or occupancy or increase of hazard which shall come to the knowledge of said mortgagee (or trustee), and, unless permitted by this policy, it shall be noted thereon, and the mortgagee (or trustee) shall, on demand, pay the premium for such increased hazard for the term of the use thereof; otherwise this policy shall be null and void.

"In case of any other insurance upon the within described property, this company shall not be liable under this policy for a greater proportion of any loss or damage sustained than the sum hereby insured bears to the whole amount of insurance on said property, issued to or held by any party or parties having an insurable interest therein, whether as owner, mortgagee or otherwise."

The Atlas Company also takes the position that, as the Federal Land Bank of Columbia had no knowledge of the existence of the policy, issued by it, until after the buildings had been destroyed by fire (eighth issue, above), the same may not now, after a loss has occurred, be

accepted and ratified by the said beneficiary under the standard mort-gage clause attached thereto. For this position the case of *Nelson v. Ins. Co.,* 120 N. C., 302, is cited as an authority. But we do not think the *Nelson case* is in point, or that the instant case presents a question of ratification. *Starkweather v. Gravely,* 187 N. C., 526. The contract of insurance was procured by C. C. Greenwood, who had an insurable interest in the property at the time, and who had a right to enter into the contract. The policy was issued with a rider, or standard mortgage clause, attached thereto, in which the Federal Land Bank of Columbia, as mortgagee, or trustee, was named as the first beneficiary as its interest might appear. This was a completed contract, entered into by parties *sui juris,* sanctioned by our statute (C. S., 6437), and it was made for the benefit of the plaintiff, trustee under a first mortgage, and for the benefit of Joseph F. Ford, trustee under a second mortgage, as their interests might appear, and lastly for the benefit of the assured. In short, it was a contract of insurance for the benefit of all who were interested in the property. The fact that the policy may be avoided as to Greenwood, the assured, does not necessarily render the contract, made for the benefit of the mortgagees or trustees, unenforceable or void. Such was our holding when the cases were here before. 187 N. C., p. 102. Nor does it require an acceptance on the part of the mortgagees or trustees to complete the contract. It was made by competent parties for their benefit, as their interests might appear, and it was expressly agreed by the Atlas Company that "This insurance, as to the interest of the mortgagee, or trustee, only herein, shall not be invalidated by any act or neglect of the mortgagor or owner of the within described property."

Numerous decisions have established the principle, in this jurisdiction at least, that ordinarily the beneficiaries of an indemnity contract may maintain an action on said contract, though not named therein, when it appears by express stipulation, or by fair and reasonable intendment, that their rights and interests were in the contemplation of the parties and were being provided for at the time of the making of the contract. *Dixon v. Horne,* 180 N. C., 585; *Supply Co. v. Lumber Co.,* 160 N. C., 428; *R. R. v. Accident Corp.,* 172 N. C., 636; *Withers v. Poe,* 167 N. C., 372; *Voorhees v. Porter,* 134 N. C., 591; *Gastonia v. Engineering Co.,* 131 N. C., 363.

It was held in *Gorrell v. Water Supply Co.,* 124 N. C., p. 333, that "One not a party or privy to a contract, but who is a beneficiary thereof, is entitled to maintain an action for its breach." This has been affirmed in numerous decisions and is the settled law here and elsewhere.

48—188

"That a party, for whose benefit a promise is made to another person, may maintain an action upon such promise against the party who has made it, is a proposition too well settled by this Court to require a citation of cases to support it." *Lewis, J.,* in *Dodge's. Admr. v. Moss,* 82 Ky., 441.

It may be well to observe that the right of third parties to recover under contracts which contain no independent agreement in favor of the beneficiaries, or in which they are not mentioned, is subject to equities between the original parties. 7 A. & E. Enc., 109. Thus it has been held that where the agreement is void as between the original parties by reason of fraud, or want or failure of consideration, a third party may not maintain an action thereon. 9 Cyc., 386. But this principle has no application to the policies in suit, for here we have independent contracts of insurance for the separate benefit of the mortgagees, or trustees, engrafted upon the main contracts of insurance themselves. True, as said in a number of cases, these separate contracts are to be rendered certain and understood by reference to the provisions of the policies, but they are not for this reason to be invalidated by any act or neglect of the mortgagor, unknown to the mortgagee. *Fire Assn. v. Evansville Brewing Assn.,* 75 So. (Fla.), 196.

Whether the original parties to the contract could have canceled or rescinded the entire policy, including the standard mortgage clause, without the consent of the mortgagee or trustee mentioned therein, we need not now determine. The question is not before us. *Bassett v. Hughes,* 43 Wis., 319; *Gilbert v. Sanderson,* 56 Iowa, 349.

It is further contended by the Atlas Company that the plaintiff has waived any and all rights which it may have had under its policy by virtue of certain correspondence, had between counsel for defendants and counsel for plaintiff, leading up to and including the following letter of 9 September, 1921, written for and on behalf of the plaintiff bank:

"I have your letter of the 7th in this matter. It is not the intention of the bank to ask for or accept more than $1,750 insurance on account of this fire loss. It holds policy No. 206972 of the Globe and Rutgers Company, to which is attached the usual standard mortgage clause. Therefore it looks to this company to pay the amount of insurance covered by its policy. When this is paid, it certainly will not then have any further claim against any other insurance company growing out of this loss. If for any reason which it cannot now imagine the Globe and Rutgers Company escapes liability under its policy, then it will consider the question of whether or not it has additional elsewhere. It is not now considering that question, and does not think it is called

upon as yet to do so. It has a definite and specific contract with the Globe and Rutgers Company, and it expects this company, in good faith, to fulfill its obligation thereunder; if it does so, it will have no further claim against any other insurance company on account of this fire loss.

"With regard to entering the bank's appearance in the suit which you inform it has been brought in the Superior Court of Buncombe County, North Carolina, I beg to say that it is its purpose now to bring its own suit against the Globe and Rutgers Company in North Carolina if this fire loss is not paid reasonably prompt. Whether or not it will enter its appearance in the other suit has not been considered. I will probably enter a formal appearance, so as to protect the bank's interest and rights from any prejudice. As stated, however, it purposes to bring its own suit against the Globe and Rutgers Company if this company does not promptly adjust the fire loss covered by its policy to the extent of $1,750, with interest from the period it has unreasonably delayed settlement."

In *Woodley v. Tel. Co.*, 163 N. C., p. 289, it was said: "In order to a valid waiver, there must be an agreement founded on consideration, or there must be some element of estoppel." There is nothing in the correspondence between the parties in the present case to indicate any agreement on the part of the plaintiff not to claim under the Atlas policy, nor do we perceive any element of estoppel disclosed in the letters set out on the record. It is evident from all the correspondence that the prorating provisions in the standard mortgage clauses attached to the policies in suit were not uppermost in the minds of the correspondents; at least, such is not apparent from any of the letters written by counsel for plaintiff. Suits were instituted on both policies, and it was held by us, when the cases were here before, that the prorating provisions contained in the two mortgage clauses were valid. It is universally held that a waiver is a voluntary relinquishment of some known right. *Growers Exchange v. Bobbitt, ante,* p. 337.

The Globe and Rutgers Fire Insurance Company of New York (hereafter called the Globe Company) not only joins with its codefendant in saying that ratification by the mortgagees or trustees of the Atlas policy was necessary in order to validate the insurance as to them, as their interests might appear, but it also says that when the Federal Land Bank of Columbia did undertake to ratify said policy it thereby forfeited all of its rights under the Globe policy (which is similar in terms to the Atlas policy), because this act on its part was an offense against the stipulation in said policy prohibiting the taking out of additional insurance on the property without written consent of the

Globe Company. The argument of the two defendants, therefore, when reduced to a nut-shell, is this:

Atlas Company: "My policy is void as to Greenwood and not valid as to the mortgagees or trustees, because not ratified by them before the property was destroyed by fire."

Globe Company: "My policy is void as to Burlison and also as to the mortgagee or trustee, because additional insurance has been taken out on said property and ratified by the mortgagee or trustee named in my policy."

To accept these positions would leave the defendants with their premiums and the Federal Land Bank of Columbia, which has done nothing to violate the terms of the contract, with no insurance at all. This would hardly meet the approval of the business public or the market place, and it is thought that it should be rejected in the courtroom. We are of opinion that both positions must be resolved against the defendants and in favor of the validity of the standard mortgage clause attached to each policy, so far as the rights of the plaintiff are concerned. This is all we are required to say on the present appeal. The chief circumstance, no doubt, which has led the parties to opposite conclusions as to their rights, arises out of, and probably is produced by, momentarily losing sight of the defendants' contractual obligations, as set out in the standard mortgage clauses attached to the policies in suit, while thinking of the derelictions of the assured named in each of the policies of insurance. But it must be remembered that the insurance, as to the interest of the mortgagee or trustee, is not to be invalidated by any act or neglect of the mortgagor or owner. The provisions which work a forfeiture as to the interest of the mortgagor or owner are embodied in the policy proper, but they are not included in the standard mortgage clause; and we have held that this clause operates as a separate and distinct contract of insurance of the mortgagee's interest, to the extent at least of not being invalidated by any act or omission on the part of the owner or mortgagor, unknown to the mortgagee. *Bank v. Ins. Co.,* 187 N. C., p. 102.

Appellants take the further position that in no event is the plaintiff entitled to recover more than $1,750, the amount of the first policy; and the Globe Company contends that this sum should be prorated between it and the Atlas Company in proportion to the amount of insurance issued by each company. It follows from what is said above that this position must be resolved against the defendants.

After a very careful and painstaking examination of the record and all the briefs filed in the case, we are unable to discover any prejudicial error which would entitle the defendants, or either of them, to a reversal or a new trial. The verdict and judgment must be upheld.

No error.