J. S. SCHOFIELD'S SONS CO. v. J. H. BACON AND JOHN W. MOORE, PARTNERS, TRADING UNDER THE FIRM NAME OF BACON & MOORE, THE TOWN OF LITTLETON, AND MARYLAND CASUALTY COMPANY.

(Filed 24 February, 1926.)

**1. Judgments Set Aside—Consent—Contracts—Fraud—Mutual Mistake.**

A consent judgment is the agreement of the parties entered into with the sanction of the presiding judge, and may not be set aside, lawfully given, in the absence of allegation and proof of fraud or mutual mistake.

**2. Judgments—Consent—Contracts—Parties—Beneficial Interest—Independent Action—Jurisdiction of Court.**

Where the surety on the bond for a town is liable for failure of the contractor to pay material furnishers for the construction of a light, water and sewerage system, and a consent judgment in the Federal Court is entered to pay the material furnishers for the work: *Held,* one of the materialmen who was not a party to the action may maintain his action in the State Court under the principle that the judgment was a *quasi* contract made for his benefit.

APPEAL by defendant Maryland Casualty Co., from *Lyon, J.,* of HALIFAX Superior Court. Affirmed.

The following is the agreed statement of facts:

"1. That on 15 February, 1922, Bacon & Moore entered into a contract with the town of Littleton, whereby the said Bacon & Moore were to install for the said town a water and light plant and a sewerage system.

"2. That the town of Littleton required Bacon & Moore to enter into a bond in the penal sum of twenty-four thousand, one hundred and sixty-seven dollars and eighty-three cents; with Maryland Casualty Company as surety.

"3. That on 22 May, 1922, J. S. Schofield's Sons Company entered into a contract with Bacon & Moore whereby they were to furnish and

SCHOFIELD *v.* BACON.

did furnish materials to go into and formed a part of the contract of the said Bacon & Moore and the town of Littleton.

"4. That thereafter, on 10 April, 1924, Bacon & Moore executed a note to J. S. Schofield's Sons Company for one hundred and six dollars and seventy cents; that on 15 May, 1924, Bacon & Moore executed a note for seventy-five dollars to the plaintiff; that on 23 June, 1924, Bacon & Moore executed their note for one hundred dollars to the plaintiff; that said three aforesaid notes represented the balance due on the contract dated 22 May, 1922.

"5. That on 18 June, 1923, the Skinner Engine Company brought suit against Bacon' & Moore, the town of Littleton and the Maryland Casualty Company in the Superior Court of Halifax County in conformity with C. S., 2445, and a notice of the pendency and purpose of the suit was duly published in the *Roanoke News,* a weekly newspaper published in the town of Weldon, North Carolina, in accordance with C. S., 2445, vol. III, beginning with the issue of 20 February, 1924.

"6. That Westinghouse Electric Company, Crane Company, Chattanooga Sewer & Pipe Company, intervened in this action with the Skinner Engine Company, and subsequently the aforesaid suits were all settled together. The purpose of the suit of the Skinner Engine Company and the others who intervened in accordance with the statute was to hold the bond executed by the Maryland Casualty Company liable for materials and labor furnished in the performance of the contract dated 15 February, 1922, by Bacon & Moore and the town of Littleton.

"7. That on 13 March, 1925, a judgment was entered in the suit of J. H. Bacon and John W. Moore, partners, trading as Bacon & Moore, against the town of Littleton in the District Court of the United States; and Schofield's Sons Company were not parties to the foregoing suit or judgment.

"8. That thereafter, on 13 July, 1925, J. S. Schofield's Sons Company brought suit in the Superior Court of Warren County against Bacon & Moore, the town of Littleton and the Maryland Casualty Company, which said suit was transferred on motion to Halifax County for trial, and this suit was to recover the balance due under the contract dated 22 May, 1922, evidenced by the notes above referred to.

"9. That materials under the contract dated 22 May, 1922, between Schofield's Sons Company and Bacon & Moore were furnished to the town of Littleton on or about 1 October, 1922.

The foregoing having been agreed as the facts in case and upon said facts being submitted to the court to determine the liability of the parties.

"The court being of the opinion that the judgment set out in section seven of the facts agreed, was for the benefit of the plaintiff, it is

"Considered and adjudged that plaintiff recover of the defendant, Maryland Casualty Company, the sum of $281.71, with interest on $75.00 from 15 July, 1924, interest on $100.00 from 23 August, 1923, and interest on $106.71 from 15 July, 1924, and costs."

To the foreging judgment defendant, Maryland Casualty Company excepts, assigns error and appeals to the Supreme Court.

*Daniel & Daniel and Garland B. Daniel for plaintiff.*
*Geo. C. Green for defendant.*

CLARKSON, J. The essential part of the judgment, which is a consent judgment, in the Federal Court and referred to in section 7 of the agreed case, is as follows: "It is further ordered, adjudged and decreed that the town of Littleton pay the costs of this action, and, in addition thereto, pay over to the said Maryland Casualty Company the sum of $8,000 in consideration of which payment the said Maryland Casualty Company is to hold the town of Littleton, Bacon & Moore, and the indemnitor for Bacon & Moore on account of bond executed for Bacon & Moore by said Maryland Casualty Company, forever harmless against all lienable claims for material furnished Bacon & Moore and used for the construction work done by Bacon & Moore under their contract with the town of Littleton."

It is admitted "that materials under the contract dated 22 May, 1922, between Schofield's Sons Company and Bacon & Moore were furnished to the town of Littleton on or about 1 October, 1922."

The main question presented by this appeal is the right of plaintiff to base a suit against Maryland Casualty Company on the consent judgment in the Federal Court.

In *Bank v. Mitchell, ante,* 190, we said: "It is well settled in this jurisdiction: If parties have the authority, a consent judgment cannot be changed, altered or set aside without the consent of the parties to it. The judgment, being by consent, is to be construed as any other contract of the parties. It constitutes the agreement made between the parties and a matter of record by the court, at their request. The judgment, being a contract, can only be set aside on the ground of fraud or mutual mistake," and cases cited.

In *Thayer v. Thayer,* 189 N. C., p. 508; 39 A. L. R., 434, it was said: "The suit is properly brought. We said in *Parlier v. Miller,* 186 N. C., 503, 119 S. E., 898: 'We deduce from the authorities that it is well settled that, where a contract between two parties is made for the benefit of a third, the latter may sue thereon and recover, although not strictly a party or privy to the contract.' *Federal Land Bank v. Assurance Co.,* 188 N. C., 753, 125 S. E., 631."

In the *Federal Land Bank case, supra,* it was held: "Numerous decisions have established the principle, in this jurisdiction at least, that ordinarily the beneficiaries of an indemnity contract may maintain an action on said contract, though not named therein, when it appears by express stipulation, or by fair and reasonable intendment, that their rights and interests were in the contemplation of the parties and were being provided for at the time of the making of the contract. *Dixon v. Horne,* 180 N. C., 585; *Supply Co. v. Lumber Co.,* 160 N. C., 428; *R. R. v. Accident Corp.,* 172 N. C., 636; *Withers v. Poe,* 167 N. C., 372; *Voorhees v. Porter,* 134 N. C., 591; *Gastonia v. Engineering Co.,* 131 N. C., 363. It was held in *Gorrell v. Water Supply Co.,* 124 N. C., p. 333, that 'One not a party or privy on a contract, but who is a beneficiary thereof, is entitled to maintain an action for its breach.' This has been affirmed in numerous decisions and is the settled law here and elsewhere."

In accordance with C. S., 2445 (vol. III), Bacon & Moore made a contract bond in the penal sum of $24,167.83 with the town of Littleton. Maryland Casualty Company was surety on the bond. One of the conditions of the bond was: "And shall promptly make payment to all persons supplying said Bacon & Moore labor and materials in the prosecution of the work provided for in such contract." The plaintiffs furnished Bacon & Moore materials sued for in this action, and have not been paid.

Several creditors of J. H. Bacon and John W. Moore, partners trading as Bacon & Moore, brought suit against them and the town of Littleton and the Maryland Casualty Company in the Superior Court of Halifax County, and followed the procedure set out in C. S., 2445, *supra.* Plaintiffs did not intervene in twelve months, as required by said statute.

Bacon & Moore brought a suit in the Federal Court (Eastern District of North Carolina) against the town of Littleton. In that suit the consent judgment was rendered and, under the provision in that judgment, this suit is brought.

It will be noted that in the consent judgment Bacon & Moore and the town of Littleton agreed: (1) The town of Littleton pay the cost of action (2) pay over to the Maryland Casualty Company the sum of $8,000. In consideration the Maryland Casualty Company is to hold the town of Littleton, Bacon & Moore and the indemnitor for Bacon & Moore, on account of bond executed for Bacon & Moore by said Maryland Casualty Company, *forever harmless against all lienable claims for material furnished Bacon & Moore and used for the construction work done by Bacon & Moore under their contract with the town of Littleton.*

There is no dispute that Bacon & Moore, who signed the contract judgment, owe plaintiffs for the materials sued on. The materials

furnished by plaintiffs to Bacon & Moore were used by them under their contract with the town of Littleton to install for the town a water, light and sewerage system. No lien can be enforced against a municipality for sewer system. *Scheflow v. Pierce,* 176 N. C., p. 91. Nor water works pumping station and electric lighting plant. *Gastonia v. Engineering Co.,* 131 N. C., p. 363. Nor water works. See *Noland v. Trustees,* 190 N. C., 252. The words *lienable claim,* construing the word lienable to create a lien, could not apply to the town of Littleton—statute gave no lien. The $8,000 was turned over to the Maryland Casualty Company to save harmless the town of Littleton and Bacon & Moore against all lienable claims for material furnished, etc. There could be no such thing as a lienable claim against the town of Littleton or Bacon & Moore. Plaintiffs did have a claim on Bacon & Moore for material furnished them and used by them on the contract with the town of Littleton, which the Maryland Casualty Company agreed to "promptly make payment." This claim is unpaid and the suit in controversy is founded on the consent judgment. Bacon & Moore owes it and the Maryland Casualty Company agree to save them harmless, and has $8,000, turned over for that purpose. We think a just and righteous interpretation was that the claims against Bacon & Moore for material furnished the town should be paid out of the fund in the hands of the Maryland Casualty Company under the consent judgment, as these claims were originally "lienable" or enforcible out of the bond given by the Maryland Casualty Company. The only way the Maryland Casualty Company could save Bacon & Moore harmless is to pay this claim.

The judgment below is

Affirmed.