ATLANTIC JOINT STOCK LAND BANK OF RALEIGH, NORTH CARO-LINA, v. THE FARMERS MUTUAL FIRE INSURANCE ASSOCIATION OF NORTH CAROLINA, AND E. P. HAGER AND HIS WIFE, IOLA C. HAGER.

(Filed 14 December, 1932.)

**1. Appeal and Error J c—Where correct result has been reached in judgment new trial will not be awarded for alleged errors.**

Where one party is not entitled to any recovery against another party to the action on the cause of action alleged, a judgment to this effect will be affirmed on appeal even though there may have been error committed in the trial of the action.

**2. Insurance N c—Insurer is liable to mortgagee named in loss payable clause by separate and distinct contract.**

The insurer of mortgaged premises is directly liable to the mortgagee under a separate and distinct contract where the policy of insurance contains or has attached thereto a standard loss payable clause in the mortgagee's favor, and such liability is not dependent upon or determined by the insurer's liability to the mortgagor.

**3. Same—Where mortgagee recovers against insurer on loss payable clause, insurer is not entitled to subrogation as against mortgagor.**

Where a mortgagee has recovered judgment against the insurer under a loss payable clause in a policy of fire insurance, the insurer is not entitled to subrogation to the rights of the mortgagee against the mort-gagor to the amount of the judgment, the insurer not being a surety on the debt from the mortgagor to the mortgagee, and the insurer's liability to the mortgagee being by separate contract unaffected by the rights and liabilities between it and the mortgagor.

APPEAL by defendant, the Farmers Mutual Fire Insurance Association, from *Finley, J.,* at August Term, 1932, of IREDELL. No error.

This action was instituted by the plaintiff, on 29 July, 1931, to recover of the defendant, the Farmers Mutual Fire Insurance Association, the amount of the loss and damage resulting from the destruction by fire, on 24 December, 1930, of certain buildings covered by a policy of insurance issued by said defendant to its codefendant, E. P. Hager. Attached to and forming a part of said policy, was a rider, known as "Mortgage Clause with Contribution," by which the amount of the loss and damage covered by the policy, if any, was payable to the plaintiff.

The action was first tried at March Term, 1932, of the Superior Court of Iredell County, on issues involving the liability of the defendant, the Farmers Mutual Fire Insurance Association, to the plaintiff, under the provisions of the mortgage clause attached to and forming a part of the policy. This trial resulted in a judgment that plaintiff recover of the defendant, the Farmers Mutual Fire Insurance Association, the sum of $2,400, with interest and costs. It was ordered that the action be and the same was continued to a subsequent term of said court, for trial of the issues involving the liability of the defendants, E. P. Hager and his wife, Iola C. Hager, to the defendant, the Farmers Mutual Fire Insurance Association, on the principle of subrogation. There was no appeal from this judgment and order.

The action was again tried at August Term, 1932, of the Superior Court of Iredell County, on issues involving the liability of the defendants, E. P. Hager and his wife, Iola C. Hager, to the defendant, the Farmers Mutual Fire Insurance Association. At this trial, issues were submitted to the jury and answered favorably to the contention of the defendants, E. P. Hager and his wife, Iola C. Hager.

From judgment that the defendant, the Farmers Mutual Fire Insurance Association, recover nothing of its codefendants, E. P. Hager and his wife, Iola C. Hager, the said defendant appealed to the Supreme Court.

*Buren Jurney and J. W. Van Hoy for defendant, Farmers Mutual Fire Insurance Association.*

*Neil S. Sowers and E. M. Land for defendants, E. P. Hager and his wife, Iola C. Hager.*

CONNOR, J. It may be conceded, without deciding, that there were errors in the trial of the issues involving the alleged liability of the defendants, E. P. Hager and his wife, Iola C. Hager, to the defendant, the Farmers Mutual Fire Insurance Association. Such errors, if any,

were not prejudicial to the appellant, for there was no error in the judgment that the defendant, the Farmers Mutual Fire Insurance Association, recover nothing of the defendants, E. P. Hager and his wife, Iola C. Hager. This judgment is affirmed.

The Farmers Mutual Fire Insurance Association was liable to the plaintiff, Atlantic Joint Stock Land Bank of Raleigh, N. C., under the provisions of the mortgage clause, attached to and forming a part of the policy of insurance which was issued by said defendant to its codefendant, E. P. Hager. This clause constituted a separate and distinct contract between the said defendant and the plaintiff. The liability of the defendant to the plaintiff was not dependent upon or determined by its liability to the defendant, E. P. Hager, under the policy of insurance issued to him. *Bank v. Assurance Co.,* 188 N. C., 747, 125 S. E., 631.

The defendant, the Farmers Mutual Fire Insurance Association, was not a surety for the defendants, E. P. Hager and his wife, Iola C. Hager, on their indebtedness to the plaintiff. The said defendant is not entitled to be subrogated *pro tanto* to the rights of the plaintiff against the defendants, E. P. Hager and his wife, Iola C. Hager, and for that reason cannot recover of said defendants the amount of the judgment which the plaintiff has recovered in this action of the said defendant, by reason of its separate and distinct liability to plaintiff under the provisions of the mortgage clause.

No error.