JAMES J. LEYDEN

*v.*

ELIJAH W. LAWRENCE et al.

[Submitted September 11th, 1911. Decided September 15th, 1911.]

1. A mortgagee of real estate has an insurable interest therein, and when he insures the property at his own expense and solely for his own benefit, the insurer, if obliged to pay a loss occasioned by injury to the property, may be subrogated *pro tanto* to the rights of the mortgagee under the mortgage.

2. Where insurance has been taken by the mortgagee of real estate at the expense and for the benefit of the mortgagor, as well as for his own protection, the mortgagor in case of loss is entitled to have the avails of the policy applied for his benefit toward the discharge of the indebtedness.

3. Where an insurance clause in a mortgage gave the mortgagee the option to take out insurance at the expense of the mortgagor, but did not compel him to do so, the mortgagee was at liberty to insure at his own expense and solely for his own benefit; and, in the absence of proof that the insurance effected was for the joint benefit of the mortgagor and mortgagee, or at the mortgagor's expense, except the fact that the insurance, in amount, was in excess of the amount due on the mortgage, it could not be held that the mortgagor was entitled to have the amount of the loss credited on the mortgage, in view of the fact that the insurance expected by the mortgagee was, by its terms, solely upon his interest as mortgagee; and hence the insurer, having paid such loss, was entitled to be subrogated to the rights of the mortgagee.

On final hearing on bill, &c.

*Messrs. French & Richards,* for the complainant.

*Mr. Austin H. Swackhamer,* for the defendants.

LEAMING, V. C.

At a former hearing touching the sufficiency of a plea which had been filed by complainant to the cross-bill of defendant, I held as follows: "It is settled in this state that a mortgagee of real estate has an insurable interest therein, and when such mortgagee, at his own expense and solely in his own behalf, procures insurance on the mortgaged property for the better security of his debt, the insurer, if obliged to pay a loss occasioned by injury to such property, may be subrogated *pro tanto* to the rights of the mortgagee under the mortgage. *Sussex County Mutual Insurance Co.* v. *Woodruff, 26 N. J. Law (2 Dutch.) 541; Nelson* v. *Bound Brook Insurance Co., 43 N. J. Eq. (16 Stew.) 256; Lawrence* v. *Union Insurance Co. (New Jersey Supreme Court), 76 Atl. Rep. 1053.* It may be said to be equally well settled that if the insurance has been taken by the mortgagee at the expense and for the benefit of the mortgagor, as well as for his own protection, the mortgagor will have the right, in case of a loss, to have the avails of the policy applied

for his benefit toward the discharge of his indebtedness. *Pearman* v. *Gould, 42 N. J. Eq.* (*15 Stew.*) *4.*" I further held at that time that with the fact established by the mortgagor that the insurance in question had been taken by the mortgagee at the expense and for the benefit of the mortgagor as well as for his own protection, pursuant to the clause in the mortgage which authorized the mortgagee so to do, the mortgagor would be entitled to have the avails of the policy applied for his benefit toward the discharge of his indebtedness. A further examination of the subject at the conclusion of the final hearing on an answer filed to the cross-bill assures me that the above statement of the law, as recognized in this state, is accurate.

At the final hearing no evidence was introduced in behalf of cross-complainant, in support of the averment of the cross-bill to the effect that the insurance in question had been effected by the mortgagee in pursuance of the agreement contained in the mortgage, and no evidence was introduced in behalf of the defendants to the cross-bill upon that subject. There is, therefore, an entire absence of any evidence to establish the fact that the insurance was effected by the mortgagee for the joint benefit of himself and his mortgagor, or at the mortgagor's expense, except the fact that the insurance was, in amount, in excess of the amount due on the mortgage, and that the mortgage authorized the mortgagee to effect insurance at the expense of the mortgagor in the event of the failure of the mortgagor to keep the premises insured. I am entirely satisfied, under this condition of the evidence, that the claim of cross-complainant that the insurance was effected pursuant to the clause in the mortgage cannot be sustained. The clause in the mortgage gave to the mortgagee the option to take out insurance at the expense of the mortgagor, but did not compel him to do so. The mortgagee was at liberty to insure for the joint benefit of himself and his mortgagor at the expense of the mortgagor, or to insure at his own expense solely for his own benefit, and it is impossible to indulge the inference that the mortgagee did insure at the expense or for the benefit of the mortgagor, in view of the fact that the insurance effected by the mortgagee was, by its terms, solely for his "mortgagee interest."

It was urged in behalf of cross-complainant, however, that as the clause in the mortgage authorized the mortgagee to insure at the expense of the mortgagor, the mortgagee was denied the privilege of insuring in any other manner, and a line of cases decided by the New York court of appeals was cited in support of that view; but I find nothing in the cases cited to support that proposition. On the contrary, in *Foster* v. *Van Reed, 70 N. Y. 19,* it is held that such a provision in a mortgage does not prohibit or prevent an insurance by the mortgagee on his interest as mortgagee, at his own expense and in his own behalf.

I entertain the view, therefore, that the failure on the part of the cross-complainant to establish as a fact that the insurance in question was placed by the mortgagee at the expense of the mortgagor, or for the benefit of the mortgagor, or in any manner or for any purpose other than that which appears upon the face of the insurance policies, is operative to defeat the relief sought by cross-complainant. It follows that the insurance companies, in whose behalf this suit for the foreclosure of the mortgage is brought, are entitled under the assignment of the mortgage from the mortgagee to enforce the mortgage lien. I reach this conclusion independently of the fact that the policies of insurance contained a clause providing for subrogation in behalf of the insurance companies in case of loss. It is, therefore, unnecessary to here determine whether these provisions for subrogations, which were annexed to the policies some days after the policies were issued, are effective.

I will advise a decree pursuant to the prayer of the bill.