THE WAYNE NATIONAL BANK v. THE NATIONAL BANK OF
LAGRANGE.

(Filed 17 April, 1929.)

1. **Insurance N c—Between mortgagees, one having prior registered mortgage has priority in proceeds under loss payable clause.**

   Where the owner of lands borrows money thereon under two separate mortgages from different persons, one registered prior to the other, and the mortgagor contracts with each to take out certain policies of fire insurance for their benefit, the rights of the mortgagees to the proceeds under the policies will be determined by the contracts as executed in the loss payable clauses in the policies, and where they are of the New York standard form, and made payable to the mortgagees "as interest may appear," the mortgagee under the prior registered mortgage has a superior lien on the proceeds to the one having the later registered security. C. S., 6420, 3311.

2. **Same—Where there are no priorities proceeds will be divided.**

   If neither of two mortgagees, for whom insurance has been procured, has any priority of claim or of liens, the proceeds of the policies will ordinarily be divided between them in proportion to their respective claims.

APPEAL by plaintiff and defendant from *Grady, J.,* at Chambers, 21 September, 1928. From LENOIR.

Controversy without action upon an agreed statement of facts. (1) The plaintiff is a National Banking Association with its principal office in the city of Goldsboro, and the defendant is a National Banking Association with its principal place of business in the town of LaGrange. (2) At the dates herein set forth J. E. Jones, of LaGrange, was the

owner of three lots of land on which were situated two storage ware-houses, which also he owned. (3) On 4 December, 1920, J. E. Jones and his wife executed and delivered to M. T. Dickinson a deed of trust conveying the property above described to secure the payment of a note for $15,000 due 60 days from date, executed by said Jones and made payable to the order of himself and by him negotiated to the plaintiff bank. The deed of trust was recorded 14 December, 1920. (4) On 11 May, 1925, J. E. Jones and wife executed and delivered to the de-fendant a mortgage on the property above described as security for the payment of a note for $5,000 due 1 October, 1925, executed by said Jones and his wife to said bank. The mortgage, which was duly regis-tered, contains the following clause: "The parties further covenant and agree that they will effectuate and maintain a policy of fire insurance on the buildings situate on said property in the amount of $5,000, for the benefit of the party of the second part, the policy to carry the New York standard loss payable clause duly attached thereto in favor of the party of the second part, with the understanding and agreement that if the party of the first part shall fail to maintain such insurance, then the party of the second part may do so and the premium paid therefor shall be secured by this mortgage, the amount of such premium in that event to be deemed part of the principal indebtedness hereby secured." (5) The plaintiff required said Jones to take out and carry the fire insurance hereinafter mentioned and had in its possession said fire insurance policies. (6) The said J. E. Jones, on 21 December, 1927, effected fire insurance in his name on the storage warehouses on said lands above described in the Globe & Rutgers Fire Insurance Company, to which was attached a New York Standard Mortgage Clause with full contribu-tion, in which, among other things it is provided "loss or damage," if any, under this policy, shall be payable to Wayne National Bank of Goldsboro, N. C., and the National Bank of LaGrange, as mortgagee (or trustee) "as interest may appear." On other dates, but after the execution of said mortgages and prior to the destruction of the buildings by fire as hereinafter set forth, the said J. E. Jones effected fire insur-ance in his name on the said storage warehouses on said lands above described, in five other fire insurance policies issued by four insurance companies, to each of which was attached the New York standard mort-gage clause, payable in the identical manner as in the clause attached to the Globe & Rutgers Fire Insurance policy mentioned hereinbefore in this paragraph, that is, "loss or damage, if any, under this policy, shall be payable to Wayne National Bank of Goldsboro, N. C., and the National Bank of LaGrange, as mortgagee (or trustee) as interest may appear," the aggregate amount of the fire insurance in all six of said policies being $20,000. (7) On 15 January, 1928, the buildings on the

lots above described which were covered by the insurance policies were injured by fire and the loss was adjusted by all the parties claiming an interest therein and there was paid by the insurance companies for the damage to said buildings amounts aggregating $11,250, represented by checks of said company payable to J. E. Jones, the Wayne National Bank, and the National Bank of LaGrange. (8) At the time of the fire there was due the plaintiff the sum of $12,760 with interest from 1 October, 1927, and there was due the defendant the sum of $5,000 with interest from 15 January, 1926.

The plaintiff contends that it is entitled to the entire amount of the moneys paid under said insurance policies, the amount due the plaintiff being in excess of the total amount of the fire insurance collected. It is contended by the defendant that it is entitled to one-half of said moneys if the indebtedness secured to it equals one-half of the said fire insurance fund so collected and now on deposit in the plaintiff bank, but that since the entire indebtedness to the defendant is $5,000 with interest from 15 January, 1926, until paid, which is less than one-half of the fire insurance fund, the defendant is entitled to $5,000 with interest from 15 January, 1926, and that the plaintiff is entitled to the excess of said insurance fund over the amount of $5,000 and interest. It was adjudged at the hearing that the plaintiff pay to the defendants the sum of $5,000 out of the moneys now in hand and that it retain the balance, to be applied by it on the indebtedness due it by said Jones, both sums to be credited on all of his indebtedness which said banks hold against said Jones.

From this judgment the plaintiff appealed, assigning as error the failure to hold that plaintiff is entitled to the whole of the proceeds of said insurance policies, to wit, the sum of $11,250; and the defendant appealed, assigning for error the failure to allow the defendant interest on $5,000 from 15 January, 1926, until paid.

*Dickinson & Freeman for plaintiff.*
*Rouse & Rouse for defendant.*

ADAMS, J. The defendant makes the point that it has an equitable claim to the insurance fund, to the extent of the indebtedness due it, by reason of the provision in its mortgage that the mortgagor would insure the buildings for its benefit; and to support this position the defendant cites *Wheeler v. Factors' and Traders' Insurance Co.*, 101 U. S. (11 Otto), 439, 25 L. Ed., 1055.

We understand the principle to be that as a rule a mortgagee has no right to the benefit of a policy taken by the mortgagor, in the absence of an agreement to this effect, unless the policy is assigned to him; but

where the mortgagor is charged with the duty of taking out insurance for the benefit of the mortgagee, as between the parties to the contract the mortgagee is entitled to an equitable lien on the proceeds of the policy obtained by the mortgagor. *Wheeler v. F. & T. Ins. Co., supra; Thomas v. Von Kapff,* 6 Gill & J., 372; *Chipman v. Carroll,* 25 L. R. A., 305, and note; *Fitts v. Grocery Co.,* 144 N. C., 463. In the case last cited it is said that where the mortgagor has covenanted that he will keep the mortgaged premises insured for the benefit of the mortgagee and then effects insurance in his own name, equity will treat the insurance as effected under the agreement and will give the mortgagee his equitable lien. In this connection it may be noted that the case of *Dunlop v. Avery,* 23 Hun., 509, cited in the defendant's brief was reversed by the Court of Appeals of the State of New York. 89 N. Y. (44 Sickels), 592.

But how is the defendant's argument on this point applicable to the facts? The mortgagor agreed to carry insurance for the benefit of the defendant and he was "required" to do the same thing for the benefit of the plaintiff. That the agreement was in writing and the "requirement" in parol does not imply that the duty with which the mortgagor was charged was less solemn or exacting in the one case than in the other. *Swearingen v. Ins. Co.,* 52 S. C., 309. Furthermore, all the policies procured by the mortgagor were intended to provide and did provide for the protection of both parties; they were payable to the plaintiff and to the defendant "as interest may appear." The New York standard mortgage clause was attached to each of the policies and this clause operates as a separate insurance of the mortgagee's interest. *Bank v. Ins. Co.,* 187 N. C., 97; *Everhart v. Ins. Co.,* 194 N. C., 494; *Welch v. Ins. Co.,* 196 N. C., 546.

The defendant insists that it had an insurable interest in the property and that without regard to its right to an equitable lien it was assured as to indemnity by the New York standard mortgage clause. There can be no doubt that the defendant had such insurable interest. Joyce on Insurance (2 ed.), secs. 1036, 1037; *Ins. Co. v. Reid,* 171 N. C., 513. But there is a difference between insurance of the mortgagee's interest and insurance of the mortgagor's interest for the benefit of the mortgagee—a difference, likewise, between the mortgagor's executed and unexecuted covenant to take insurance for the protection of the mortgagee. Joyce on Insurance (2 ed.), sec. 104. In this case the relation of the parties is determinable by the executed contract, the direct question being whether the interest of the parties in the proceeds of the policies is to be adjudicated upon the basis of priority of mortgage liens or upon that of a personal contract without regard to such priority. *Batts v. Sullivan,* 182 N. C., 129, is not authority for the position that liens

upon property should be disregarded, because there the policy taken out by the tenant did not purport to protect the interest of the landlord.

If neither of two mortgagees, for whom insurance has been procured, has any priority of claim or of liens, the proceeds of the policies should ordinarily be divided between the mortgagees in proportion to their respective claims; but it is otherwise if there is such priority among the claimants. 26 C. J., 449, sec. 588; *Parker v. Ross,* 11 S. W., 965; in *Lichtstern v. Forchand,* 194 N. W., 421. "The insurance money received by the mortgagee takes the place of the mortgaged property, and the mortgagee would receive it, if the debt was due and unpaid, as he would receive the mortgaged property which it represented to reasonably account for its use." Jones on Mortgages (7 ed.), sec. 410. The plaintiff's mortgage was registered 14 December, 1920; the defendant's was not executed until 11 May, 1925. By virtue of our statute priority is given to the mortgage which was first recorded. C. S., 3311. Our conclusion is that the claim of the Wayne National Bank should first be paid out of the funds derived from the policies of insurance. This conclusion finds support in C. S., 6420, which provides that where by the terms of a fire insurance policy taken out by a mortgagor loss is payable to a mortgagee for his benefit the company shall pay all mortgages in the order of their priority of claim. For this reason it is not necessary to consider the defendant's appeal.

Error.