Z. M. L. JEFFREYS, J. T. JEFFREYS AND R. A. JEFFREYS, TRADING AS JEFFREYS AND SONS, AND RANSOM CREECH, v. BOSTON INSURANCE COMPANY AND CONTINENTAL GIN COMPANY.

(Filed 9 March, 1932.)

1. **Trials F a: Pleadings I b—Where pleadings do not raise any determinative issues court may render judgment on the pleadings.**

   Only issues of fact arising upon the pleadings which are determinative of the rights of the parties must be submitted to the jury, C. S., 519, and where the only controverted fact has no bearing on the rights of the parties, judgment may be rendered on the pleadings upon the facts admitted.

2. **Insurance N c—Mortgagee named in loss-payable clause held entitled to proceeds of policy as against seller retaining title.**

   The purchaser of a cotton gin under a title-retaining contract gave notes for the balance of the purchase price guaranteeing the seller against loss by fire. Thereafter, the purchaser took out a policy of fire insurance

on his property with a loss-payable clause in favor of his mortgagee as his interest might appear, and the gin was included in the property covered in the insurance policy. Upon loss by fire the insurance company paid the amount of the policy into court, and the controversy depended upon the respective rights of the mortgagee and the seller of the cotton gin: *Held,* although the seller had an insurable interest in the property destroyed, the purchaser had not taken out any insurance protecting this interest and had not made any agreement to do so, but had given only a personal guarantee against loss by fire, and the mortgagee named in the loss-payable clause of the policy was entitled to the proceeds thereof under the terms of the policy contract protecting his interest therein.

**3. Same — In absence of agreement, only mortgagees named in loss-payable clause are entitled to proceeds of policy.**

Both the mortgagor of property and his mortgagee have an insurable interest therein, and where there are several mortgagees and the mortgagor takes out a policy of insurance with a loss-payable clause to them as their interest might appear they are entitled to the proceeds of the policy in proportion to their debts if there are no priorities by registration, agreement, or otherwise, but where one of the mortgagees is not named in the loss-payable clause he is not entitled to any of the proceeds thereof and the mortgagees named in the policy are entitled to the exclusive benefit thereof, unless the mortgagor had agreed to take out a policy for his benefit, in which case the mortgagee would be entitled to an equitable lien on the proceeds of the policy, at least as against the mortgagor.

APPEAL by plaintiffs, Jeffreys and Sons, from *Cranmer, J.,* at August Term, 1931, of WAYNE. Modified and affirmed.

This is an action on a policy of insurance issued on 9 September, 1930, by which the defendant, Boston Insurance Company, insured the plaintiff, Ransom Creech, against loss or damage by fire on the property described in the policy. It is provided in the policy that the loss, if any, shall be payable to the plaintiffs, Jeffreys and Sons, as their interest may appear.

While the policy was in full force and effect, according to its terms, to wit: on 23 January, 1931, the property described therein was destroyed by fire. Both the plaintiffs, Jeffreys and Sons, and the defendant, Continental Gin Company, as creditors of the plaintiff, Ransom Creech, filed claims with defendant, Boston Insurance Company, for the amount of the loss. It was agreed by and between the plaintiffs and the defendants that this amount was $2,750. After the commencement of this action, this sum was paid into the office of the clerk of the Superior Court of Wayne County, by the defendant, Boston Insurance Company, in full settlement of all claims against said company under its policy of insurance. This action, therefore, involves only the conflicting claims of the plaintiffs, Jeffreys and Sons, and of the defendant,

Continental Gin Company, to said sum, now in the hands of said clerk. The plaintiff Ransom Creech, makes no claim to any part of said sum, in his own behalf.

The policy of insurance sued on in this action was issued to the plaintiff, Ransom Creech, as the owner of the property described therein. It contains a provision in words as follows:

"It is agreed that any loss or damage that may be ascertained and proven to be due the assured under this policy shall be payable to Jeffreys and Sons, as their interest may appear, subject, nevertheless, to all the conditions of the policy."

At the date of the issuance of said policy, the plaintiff, Ransom Creech, was indebted to the plaintiffs, Jeffreys and Sons, in a sum in excess of $3,000. This indebtedness was secured by a mortgage deed executed by the plaintiff, Ransom Creech, by which the said plaintiff conveyed to the said Jeffreys and Sons, the property described in the policy of insurance. This mortgage deed is dated 15 January, 1930, and was duly recorded in the office of the register of deeds of Wayne County. The indebtedness secured by said mortgage deed has not been paid. The amount of said indebtedness exceeds the amount of the loss covered by the policy.

The property described in the policy of insurance sued on in this action, consisted in part of certain gin machinery. This gin machinery was sold to the plaintiff, Ransom Creech, by the defendant, Continental Gin Company, on or about 21 August, 1929. In part payment of the purchase price for said gin machinery, the plaintiff, Ransom Creech, executed and delivered to the defendant, Continental Gin Company, two notes, which were duly recorded in the office of the register of deeds of Wayne County, prior to the registration of the mortgage deed from the plaintiff, Ransom Creech, to the plaintiff, Jeffreys and Sons. Each of said notes contained a provision in words as follows:

"It is expressly understood and agreed by and between the holder and the maker of this note that the title and ownership of said machinery, for which this note is given, shall remain in the said Continental Gin Company, or owner of this note, until this note and all other installment notes or renewals thereof, shall be paid in full.

"It is further understood that the maker of this note guarantees said Continental Gin Company against any damage or loss to said machinery by fire or other cause, and if said property is damaged or destroyed by fire or other cause, the maker of this note agrees to pay this note and will not claim any rebate or reduction on account of such loss."

At the date of the fire which destroyed the property covered by the policy of insurance, including the gin machinery which was sold to the

plaintiff, Ransom Creech, by the defendant, Continental Gin Company, the amount due on said notes was $1,094.40, with interest from 4 December, 1929. This amount has not been paid.

There is no provision in the policy that the loss, if any, or any part thereof, shall be payable to the defendant, Continental Gin Company, nor is there any allegation in the answer of the said defendant that the insured, Ransom Creech, covenanted or agreed to insure said machinery for the benefit of said defendant.

It is alleged in the complaint filed jointly by the plaintiffs, Jeffreys and Sons, and Ransom Creech, that the premium for the policy of insurance sued on in this action, was paid by the plaintiffs, Jeffreys and Sons. This allegation is specifically denied in the answer filed by the defendant, Continental Gin Company. This defendant alleges in its answer that if the premium was paid by the plaintiffs, Jeffreys and Sons, as alleged in the complaint, the amount thereof was charged by said plaintiffs to the plaintiff, Ransom Creech, and contends that for this reason, the premium was, in effect, paid by the said plaintiff.

The action was heard on the demurrer filed by the plaintiffs, Jeffreys and Sons, to the answer of the defendant, Continental Gin Company, on the ground that the facts stated therein are not sufficient to constitute a defense to the cause of action alleged in the complaint, and on the motion of said plaintiffs for judgment on the pleadings. This demurrer was overruled, and the motion denied. Thereupon, the defendant, Continental Gin Company, moved for judgment on the pleadings. This motion was allowed.

From judgment ordering and directing that the defendant, Continental Gin Company, be paid the sum of $1,094.40, with interest from 4 December, 1929, out of the sum of $2,750, now in the hands of the clerk of the Superior Court of Wayne County, and that the balance of said sum be paid to the plaintiffs, Jeffreys and Sons, the said plaintiffs appealed to the Supreme Court.

*Kenneth C. Royall and Andrew C. McIntosh for plaintiff.*
*James J. Hatch for defendant.*

CONNOR, J. The only allegation of fact in the complaint in this action, which is denied in the answer of the defendant, Continental Gin Company, is that the premium for the policy sued on was paid by the plaintiffs, Jeffreys and Sons. This allegation is not essential to the cause of action alleged in the complaint. The right of the plaintiffs, Jeffreys and Sons, to recover on said cause of action is not dependent on this allegation; it is founded on the "loss-payable" clause in the

policy. The issue raised by the denial in the answer is immaterial, and for the purpose of determining the rights of the parties to this action on the facts admitted in the pleadings may be disregarded. Only issues of fact which arise on the pleadings, and are determinative of the rights of the parties to the action, must be submitted to the jury. C. S., 519. *Miller v. Miller,* 89 N. C., 209.

It is well established as the law that a mortgagor and his mortgagee each has an insurable interest in the property conveyed by the mortgage. When a policy of insurance is procured by either a mortgagor or a mortgagee, insuring his own interest in the property, and in his own behalf alone, such insurance does not inure to the benefit of the other. When, however, the policy is procured by the mortgagor, for the benefit of the mortgagee, or the loss covered by the policy, if any, is expressly made payable to the mortgagee, as his interest may appear, the mortgagee is entitled to the proceeds of the policy to the extent of the amount of his debt secured by the mortgage. 26 C. J., 438. Thus in any event, on the admissions in the pleadings in the instant case, the plaintiffs, Jeffreys and Sons, are entitled to the sum of $2,750, now in the hands of the clerk of the Superior Court of Wayne County, as against the insured, Ransom Creech.

It is also well established as the law that where a policy of insurance, procured by a mortgagor, provides on its face that the loss, if any, shall be payable to two or more mortgagees, as their respective interests may appear, the loss covered by the policy is payable to the mortgagees in proportion to their debts secured by their mortgages, unless one of the mortgagees has a priority over the others, by reason of the registration laws or otherwise, or unless it is expressly provided in the policy that the loss shall be payable only to one of the mortgagees named in the policy. Where the policy provides that the loss shall be payable to one of several mortgagees, and there is no provision therein for the benefit of the other or others, the loss is payable only to the mortgagee provided for in the policy. 26 C. J., 442. In the absence of an express provision in the policy for the payment of the loss, or any part thereof, to a mortgagee, such mortgagee is not entitled to the loss or any part thereof, as against the mortgagor, or as against other mortgagees, unless there was an agreement on the part of the mortgagor to insure the mortgaged property for the benefit of the mortgagee who is not provided for in the policy. In the latter event, the loss is payable to the mortgagee, at least, as against the mortgagor. 26 C. J., 442.

In *Bank v. Bank,* 197 N. C., 68, 147 S. E., 691, it is said: "We understand the principle to be that as a rule a mortgagee has no right to the benefit of a policy taken by the mortgagor in the absence of an agree-

ment to that effect, unless the policy is assigned to him; but where the mortgagor is charged with the duty of taking out insurance for the benefit of the mortgagee, as between the parties to the contract, the mortgagee is entitled to an equitable lien on the proceeds of the policy obtained by the mortgagor." See C. S., 6420.

On the facts admitted in the pleadings in this action, the defendant, Continental Gin Company, has no right, title or interest in the sum of $2,750, now in the hands of the clerk of the Superior Court of Wayne County. There is no provision in the policy that the loss, if any, shall be payable to said defendant, nor is it alleged in the answer of said defendant, that the mortgagor, Ransom Creech, agreed to insure the gin machinery for the benefit of said defendant. The language contained in the notes cannot be construed as such an agreement.

There is error in the judgment ordering and directing that the amount of its debt be paid to the defendant, Continental Gin Company, out of the sum of $2,750, prior to the payment of said sum to the plaintiffs, Jeffreys and Sons. For this reason the judgment is

Modified and affirmed.