J. F. A. BRYAN v. OLD COLONY INSURANCE COMPANY AND WILLIE WHITEHURST, ANNIE RAY, MARIE ANDREWS, ETTA WHITEHURST, AND ROBERT WHITEHURST, INTERVENERS;

and

W. C. WHITEHURST, EXECUTOR OF THE ESTATE OF HARRIETT L. BRYAN; AND G. R. WHITEHURST, GUARDIAN OF WILLIE WHITEHURST, ANNIE RAY, MARIE ANDREWS, ETTA WHITEHURST, AND ROBERT WHITEHURST; AND WILLIE WHITEHURST, ANNIE RAY, MARIE ANDREWS, ETTA WHITEHURST, AND ROBERT WHITEHURST, IN THEIR OWN RIGHTS, THE LAST FIVE HAVING BECOME OF AGE, v. AMERICAN EAGLE FIRE INSURANCE COMPANY OF NEW YORK AND J. F. A. BRYAN;

and

G. R. WHITEHURST, GUARDIAN OF WILLIE WHITEHURST, ANNIE RAY, MARIE ANDREWS, ETTA WHITEHURST, AND ROBERT WHITEHURST. AND IN THEIR OWN RIGHTS, WILLIE WHITEHURST, ANNIE RAY, MARIE ANDREWS, ETTA WHITEHURST, AND ROBERT WHITEHURST, v. THE UNITED STATES FIRE INSURANCE COMPANY OF NEW YORK AND J. F. A. BRYAN.

(Filed 13 April, 1938.)

**1. Insurance § 17—**

The devisee of the fee to property subject to a charge in a certain sum in favor of other beneficiaries under the will, has a separately insurable interest in the property, which he may protect for his sole benefit.

**2. Insurance § 24d—**

Where the devisee of the fee, subject to a charge in favor of other beneficiaries under the will, takes out a fire insurance policy for his sole benefit, the other beneficiaries are not entitled to an accounting from him for the proceeds of the policy upon the destruction of the premises by fire.

**3. Insurance § 17—**

The executor of a solvent estate has no interest in real property devised by will, and may not recover upon a fire insurance policy taken out by him on the property, since the estate suffers no loss from the destruction of the building by fire.

**4. Reference § 13—**

Where the referee makes certain findings, supported by evidence, to which no exceptions are taken and which are approved by the trial court, such findings are conclusive, and the verdict of the jury upon an issue inadvertently submitted in regard to the same matters must be disregarded.

**5. Insurance § 22e—Findings that insured did not make agreement to take out additional insurance held conclusive.**

Where the referee finds upon supporting evidence that insured did not know that other insurance was taken out on the property by another having an interest therein, and that such other insurance was taken out before insured's policy was issued, and no exceptions are taken to such findings and they are approved by the trial court, the findings on the matter are conclusive, and the verdict of the jury that additional insurance was taken out pursuant to an agreement between insured and such other person, returned upon an issue inadvertently submitted, does not entitle insurer to judgment that the policy sued on was avoidable for such additional insurance.

**6. Same—Other insurance issued to person having separably insurable interest does not violate provision against additional insurance.**

A policy of fire insurance was issued to the devisee of the fee in property subject to a charge in favor of other beneficiaries under the will. Thereafter the guardian of such other beneficiaries took out a policy to protect the interest of his wards. *Held:* The insurer issuing the policy to the guardian may not avoid liability thereon, on the ground of the additional insurance issued to the owner of the fee, since such additional insurance was not issued to or for the benefit of those insured under its policy. C. S., 6437.

**7. Insurance § 24c—**

In determining the proportionate liability of several insurers issuing their respective policies on the same property, the amount of insurance issued by one of them should be disregarded when its policy is void because issued to a person having no insurable interest.

**8. Same—**

The face amount of the policy of one insurer is the correct basis for determining the proportionate liability of another insurer issuing a policy, on the same property, even though the parties to such other policy agree to a compromise settlement for less than its face amount.

BARNHILL, J., took no part in the consideration or decision of this case.

THREE cases, consolidated for trial, heard by *Hamilton, Special Judge,* at November Term, 1937, of PITT. Appeal in first named case by the interveners, in the second case by plaintiffs, and in the third case by the plaintiffs and the defendant United States Fire Insurance Company.

These three actions were instituted to recover upon three policies of fire insurance on the same building, in the town of Bethel, North Carolina, issued by the three named fire insurance companies, as follows: (1) By the Old Colony Insurance Company to J. F. A. Bryan in the

sum of $1,800, (2) by the American Eagle Fire Insurance Company to the estate of Harriett L. Bryan (W. C. Whitehurst, executor) in the sum of $1,000, and (3) by the United States Fire Insurance Company to G. R. Whitehurst, guardian of Willie Whitehurst, Annie Ray, Marie Andrews, Etta Whitehurst, and Robert Whitehurst, in the sum of $1,000. The five persons last named are children of Hettie Whitehurst and G. R. Whitehurst, and, though they are now all of full age, they were treated by all the parties in these transactions as represented by their father and guardian, G. R. Whitehurst. For convenience they will be hereafter denominated the Whitehurst children.

It was admitted that Harriett L. Bryan died in 1930 seized of the lot upon which was located the building insured, and that she devised the same to J. F. A. Bryan in fee, subject to a charge thereon in the sum of $1,500 in favor of the children of Hettie Whitehurst. W. C. Whitehurst was named executor. The will of Harriett L. Bryan imposed no duty on her executor as to the real estate devised. It was also admitted that the building insured was damaged by fire on 30 May, 1935, and before the date of expiration of the three insurance policies sued on.

Actions were instituted by the named insured in each of the policies referred to, and each defendant insurance company denied liability, principally on the ground of breach of conditions as to title and other insurance. In the suit between J. F. A. Bryan and Old Colony Insurance Company the Whitehurst children intervened, alleging lien on the recovery under the policy issued by that insurance company to J. F. A. Bryan by reason of the charge on the property imposed by the will of Harriett L. Bryan in their favor.

It also appeared that prior to the fire G. R. Whitehurst, guardian of the Whitehurst children, and W. C. Whitehurst, executor, had instituted action to enforce the charge on the property devised in the will of Harriett L. Bryan, and that decree of sale was entered and commissioners appointed. The property was bid off at the sale on 27 May, 1935, but the fire occurring 30 May, 1935, proceedings for sale were not completed and no report was made by the commissioners.

By order of court the three cases were consolidated and referred to Hon. W. A. Darden, referee, the parties preserving right to jury trial. The referee, after hearing the evidence, reported his findings of fact and conclusions of law to the court.

The referee found, among other things, that the damage to the building by fire was $2,000; that in the second case, "W. C. Whitehurst, Executor, and others v. American Eagle Insurance Company," plaintiffs filed amendment to the complaint, alleging mutual mistake in the policy, in that it should have been written in name of and for benefit of the Whitehurst children, but the referee found there was no evidence of

mutual mistake or equity to entitle plaintiffs to reformation of the policy; that the policy issued by the American Eagle Insurance Company was issued for the benefit of the estate of Harriett L. Bryan, and that W. C. Whitehurst, executor, had fully administered said estate; that the estate was solvent and fully sufficient to pay all creditors without the necessity of administering on the building and lot, and that the executor had sustained no loss or damage by the fire. The amount paid for the premium was tendered and declined.

In the suit of "G. R. Whitehurst, Guardian of Whitehurst children v. United States Fire Insurance Company," the referee found that the agent of that insurance company knew at the time of the issuance of the policy that it was for the benefit of the Whitehurst children, and knew the condition of the title to the property and their interest therein, and that the policy was intended to protect their interest in said property. It was also found that the cash value of the dwelling immediately before the fire was $2,800.

The referee concluded, upon the findings of fact made by him, (1) that the policy issued by Old Colony Insurance Company to J. F. A. Bryan in sum of $1,800 was valid, enforceable, and binding on that defendant; (2) that the policy issued by the American Eagle Fire Insurance Company to the estate of Harriett L. Bryan, W. C. Whitehurst, executor, was void and unenforceable at the date of the fire, and (3) that the policy issued by the United States Fire Insurance Company to G. R. Whitehurst, guardian of Whitehurst children, was valid, enforceable, and binding on that defendant.

The referee also concluded that of the total valid insurance on the building of $2,800, the Old Colony Insurance Company was liable for 18/28ths and the United States Fire Insurance Company 10/28ths of $2,000, and that J. F. A. Bryan was entitled to recover of Old Colony Insurance Company $1,285.71 and the Whitehurst children were entitled to recover of United States Fire Insurance Company $714.29.

The referee further held that the Whitehurst children were entitled to a specific lien on the recovery in favor of J. F. A. Bryan for an amount sufficient to satisfy the $1,500 charge imposed by the will of Harriett L. Bryan, after crediting thereon the recovery of $714.29 from the United States Fire Insurance Company.

Exceptions were filed by all parties and jury trial demanded by United States Fire Insurance Company on issues tendered. When the cases came on to be heard in the Superior Court it appeared in the first case, to wit, "J. F. A. Bryan v. Old Colony Insurance Company," that J. F. A. Bryan and the Old Colony Insurance Company had agreed on the amount of $900.00 as settlement of the liability of that insurance company to him, and by consent of those parties, and over the objection

of the Whitehurst children, formal issues were submitted to the jury, peremptory instructions given, and judgment signed awarding $900.00 to J. F. A. Bryan, unaffected by any lien in favor of the intervening Whitehurst children. To the judgment in this case the Whitehurst children excepted and appealed to the Supreme Court.

In the second case, that of "W. C. Whitehurst, Executor, and others *v.* American Eagle Insurance Company," the exceptions of the plaintiffs to the referee's conclusions of law were overruled by the trial judge, and judgment was entered dismissing the action as to American Eagle Insurance Company. Plaintiffs appealed.

In the third case, "G. R. Whitehurst, Guardian of Whitehurst Children *v.* United States Fire Insurance Company," issues were submitted to the jury and verdict rendered thereon as follows:

"1. At the issuance of Policy No. 49412 by United States Fire Insurance Company to G. R. Whitehurst, guardian, did J. W. Rook, agent, have notice that there was a charge upon said property in the sum of $1,500 as alleged? Ans.: 'Yes.'

"2. At the time of the application made by G. R. Whitehurst, guardian, to J. W. Rook, did said guardian have notice of other insurance upon said property? Ans.: 'No.'

"3. After the delivery of Policy No. 49412 by the United States Fire Insurance Company to G. R. Whitehurst, guardian, did said guardian and W. C. Whitehurst, executor, enter into an agreement to secure a further policy of insurance upon said property for the protection of the children of Hettie Whitehurst; and as a result of said agreement was a policy issued by the American Eagle Fire Insurance Company? Ans.: 'Yes.'

"4. Did J. W. Rook, agent, have notice of other insurance upon said property at any time prior to the fire? Ans.: 'No.'

"5. At the time that G. R. Whitehurst, guardian, applied to J. W. Rook, agent of the United States Fire Insurance Company, for the policy of insurance in question, did he tell said agent that he was applying for $1,000 of insurance on the property in question for the benefit of his children? Ans.: 'Yes.'

"6. Did the said J. W. Rook, agent of the United States Fire Insurance Company of New York, name G. R. Whitehurst, guardian, as the insured in said policy, for that he thought it was just as good as to name said children as the insured therein? Ans.: 'Yes.'

"7. What was the reasonable market value of the property insured just prior to the fire? Ans.: '$2,200.'

"8. What was the reasonable market value of the property insured immediately after the fire? Ans.: '$200.00.' "

From judgment on the verdict defendant United States Fire Insurance Company appealed, and plaintiffs likewise appealed on account of insufficiency of recovery.

*Julius Brown for G. R. Whitehurst, guardian of children of Hettie Whitehurst, and for W. C. Whitehurst, executor of Harriett L. Bryan.*

*Arthur B. Corey and Albion Dunn for J. F. A. Bryan.*

*Smith, Wharton & Hudgins, and J. B. James for United States Fire Insurance Company.*

*Joseph B. Cheshire and Paul F. Smith for American Eagle Fire Insurance Company.*

DEVIN, J. The record before us is voluminous, consisting of 394 pages, and there are four appeals and eight briefs. However, the determinative questions presented by the appeals are not many, and their consideration may be confined within comparatively narrow limits.

The cases, three in number, all concern policies of fire insurance issued by three different insurance companies on the same building, loss in each instance payable to persons who claim separate interests therein. The insured named in the policies, or those claiming under them, constitute the plaintiffs in the three suits. The three actions were properly consolidated and tried by a referee. Upon exceptions to the referee's report the cases were heard in the Superior Court, separate judgments entered, and, by appeals duly entered, the cases were brought to this Court. They will be considered in order.

1. In the case of "J. F. A. Bryan v. Old Colony Insurance Company" the only question raised by the appeal is the validity of the judgment decreeing recovery for the plaintiff in an agreed amount unaffected by lien thereon claimed by the intervening children of Hettie Whitehurst on account of a charge imposed in the devise of the property under the will of Harriett L. Bryan to J. F. A. Bryan. It appears, however, that J. F. A. Bryan was the owner of the property, subject to a charge thereon in favor of the interveners; that he had an insurable interest therein, and that he procured and paid for insurance for his own protection alone. It is a well recognized principle of law that a mortgagor or owner of property subject to a lien has an interest separately insurable, and that when insurance is effected at his own request and cost and for his own benefit, he is not accountable to the lien-holder for the amount collected from the insurance company in case of loss. *Ins. Co. v. Reid,* 171 N. C., 513, 88 S. E., 779; *Batts v. Sullivan,* 182 N. C., 129, 108 S. E., 511; *Stockton v. Maney,* 212 N. C., 231.

The judgment of the court below in this case was in accord with the decisions of this Court and must be affirmed.

2. In the case of "W. C. Whitehurst, Executor of the Estate of Harriett L. Bryan, and others *v.* American Eagle Insurance Company" the referee concluded, upon the facts found by him, that the insurance policy issued by this defendant to the estate of Harriett L. Bryan was not an enforceable contract, and was invalid for the reason that the estate was solvent, there were no creditors, that the executor representing the estate had no interest in the real property devised to J. F. A. Bryan, had no duty to perform nor risk to protect with respect to it, and suffered no loss when it burned. The return of the premium was tendered. The ruling of the referee was approved and concurred in by the judge, and judgment of nonsuit was entered dismissing the action as to the American Eagle Insurance Company. In this we find no error. *Batts v. Sullivan, supra; Bank v. Assurance Co.,* 188 N. C., 747, 125 S. E., 631.

3. In the case of "G. R. Whitehurst, Guardian of the Whitehurst Children, *v.* United States Fire Ins. Company," where a jury trial was had, the appeal of the defendant insurance company presents two questions for decision: (1) Did the verdict of the jury on the third and fourth issues entitle the defendant insurance company to judgment in its favor, and (2) did the judgment signed correctly apportion this defendant's share of the loss?

While the third issue in form appears to determine that, after the delivery of the policy of the United States Fire Insurance Company sued on, the plaintiff G. R. Whitehurst entered into an agreement with W. C. Whitehurst, executor of estate of Harriett L. Bryan, to secure another policy of insurance on the same building for the protection of the Whitehurst children, and that as a result of such agreement the policy of the American Eagle Insurance Company was issued, and that this was without notice to the agent of the United States Fire Insurance Company, an examination of the evidence and findings of fact reported by the referee, to which no exceptions were filed, and which were approved by the judge and incorporated in his judgment, shows that there was no evidence to support this issue nor any finding of fact upon which judgment for the defendant could properly be based. The facts were to the contrary. The uncontroverted evidence and the approved findings of the referee were to the effect that W. C. Whitehurst, as executor of Harriett L. Bryan, had insured the property in the American Eagle Insurance Company by policy payable to the estate of Harriett L. Bryan in February, 1934, some time before this defendant's policy was issued. It was further found by the referee that when G. R. Whitehurst, guardian, had the policy in the United States Fire Insurance Company issued for the benefit of the Whitehurst children in October, 1934, he did not know the insurance in the American Eagle Insurance

Company was in force. Hence the findings of fact by the referee upon competent evidence, approved and concurred in by the judge, must be regarded as conclusive, and the finding by the jury, upon an issue improperly and inadvertently submitted, disregarded. The motion of defendant United States Fire Insurance Company for judgment on the verdict was properly denied.

The further contention of defendant United States Fire Insurance Company that the insurance was void for breach of the conditions contained in the policy as to other insurance cannot be sustained. The North Carolina statute (C. S., 6437), declaring a standard form of fire insurance policy, names as one of the conditions upon which liability may be avoided the issuance of a policy, "(a) While the insured has any other contract of insurance, whether valid or not, on property covered in whole or in part by this policy." This provision is also contained in defendant's policy. But there is no evidence here that the Whitehurst children, who had an insurable interest in the property and who were the insured for whose protection this defendant issued its policy, had any other contract of insurance on this property. Neither by the language of the policy issued by the American Eagle Insurance Company to the estate of Harriett L. Bryan, nor by competent evidence, was it made to appear that any other contract of insurance was at any time issued to or for those insured under the policy of the United States Fire Insurance Company. The referee found that the policy of the American Eagle Insurance Company was issued for the benefit of the estate of Harriett L. Bryan alone.

(2) Was this defendant's proportion of the loss properly determined? The policy of the United States Fire Insurance Company contained this provision: "In case of any other insurance upon the within described property this company shall not be liable, under this policy, for a greater proportion of any loss or damage sustained than the sum hereby insured bears to the whole amount of insurance on said property issued to or held by any party or parties having an insurable interest therein, whether as owner, mortgagee, or otherwise."

It follows, therefore, that the insurance policy issued by the American Eagle Insurance Company to the estate of Harriett L. Bryan, having been held invalid and unenforceable for the reason that the executor of said estate, under the facts found in this case, had no insurable interest in the property, the amount of this policy may be disregarded in determining "the whole amount of insurance on said property issued to or held by any other party or parties having an insurable interest therein," and that the court below correctly held as found by the referee that the total amount of valid insurance on the property was $2,800, and that this defendant's proportion thereof was 10/28ths of the loss fixed at $2,000, or $714.29. 14 R. C. L., 1310.

---

BRYAN *v.* INSURANCE CO. and WHITEHURST *v.* INSURANCE CO.

---

We have examined the other exceptions noted by this defendant at the trial and assigned as error upon appeal and find them without substantial merit. Upon the appeal of the United States Fire Insurance Company we find no error.

In the plaintiffs' appeal in "Whitehurst, Guardian, *v.* United States Fire Insurance Company" the exception to the judgment is based upon the ground that the plaintiffs were entitled to the full amount of the insurance stated in the policy, to wit, $1,000, without reduction on account of the other insurance on the property taken out by J. F. A. Bryan. For the reasons hereinbefore set out this exception cannot be sustained. The terms of the contract of insurance as well as the statute entitle the defendant to thus prorate its liability in proportion to the whole insurance covering the property. And this is determined by the total amount of insurance covering the property rather than by the amount subsequently agreed to be paid in settlement of the other insurance. The facts here were not such as to invoke the application of the principle stated in *Bennett v. Ins. Co.,* 198 N. C., 174, 151 S. E., 98, and *Taylor v. Ins. Co.,* 202 N. C., 659, 163 S. E., 749. Even if the relationship of J. F. A. Bryan, the owner of the property, to the children of Hettie Whitehurst, entitled to a charge thereon, be held to be similar to that of mortgagor and mortgagee, it appears that the plaintiffs accepted the policy of the defendant United States Fire Insurance Company containing the quoted stipulation limiting liability for loss proportionately to the whole amount of insurance covering the property, and there is no evidence that the owner subsequently effected additional insurance thereon without the knowledge and consent of the plaintiffs, or that he thereafter did any act to impair or affect plaintiffs' rights under the policy accepted by them. *Bank v. Ins. Co.,* 187 N. C., 97, 121 S. E., 37; *Ins. Co. v. Varble,* 103 Ky., 758.

In conclusion it may not be improper to say that these cases, complicated by conflicting interests and contentions, seem to have been fairly tried by a careful referee and an able judge, and we find no sufficient reason to disturb the results which have been reached.

In *Bryan v. Old Colony Ins. Co. and others,* judgment affirmed.

In *W. C. Whitehurst, Executor, and others v. American Eagle Insurance Co.,* judgment affirmed.

In *G. R. Whitehurst, Guardian, and others v. United States Fire Insurance Company and another*—on plaintiffs' appeal, no error; on defendant insurance company's appeal, no error.

BARNHILL, J., took no part in the consideration or decision of this case.