THE EMPLOYERS' FIRE INSURANCE COMPANY, A CORPORATION v. BRITISH AMERICA ASSURANCE COMPANY, SAM E. WHEELER AND WIFE, MILDRED C. WHEELER, T. S. ROYSTER, TRUSTEE, J. L. PARRISH, AND MRS. RUTH C. CURRIN.

(Filed 22 May 1963.)

**1. Insurance § 68—**

Both a mortgagor and mortgagee have an insurable interest in encumbered property.

**2. Insurance §§ 72, 86—**

When a mortgagee purchases with his own funds insurance solely for the protection of the debt due him, the insurer, upon payment of loss, is subrogated to the rights of the mortgagee against the mortgagor; but when the insurance is procured by the mortgagee pursuant to authority and at the expense of the mortgagor, no right of subrogation exists, and the amount paid by insurer must be applied to the discharge or reduction of the debt. G.S. 58-176.

**3. Insurance § 72—**

A standard loss payable clause in a policy of fire insurance issued to the mortgagor constitutes a separate contract insuring the mortgage interest, and loss paid by insurer thereunder must be applied to the reduction of the mortgage debt.

**4. Insurance § 84—**

The property destroyed by fire was insured by a policy issued to the mortgagee under authority of the mortgagor and the mortgagor was liable for the premiums thereon. The property was also insured under a policy issued to the mortgagor, which policy contained a standard loss payable clause. *Held:* The loss is properly prorated between the insurers. G.S. 58-176.

APPEAL by British America Assurance Company from *Clark, J.,* December 10, 1962 Assigned Civil Term of Wake.

This is an action under the Uniform Declaratory Judgment Act, G.S. 1-253 *et. seq.*, to determine the respective liabilities of plaintiff and appellant under policies of insurance insuring a building in Oxford against damage by fire.

The determinative facts found by the trial court on stipulation of the parties are: Mildred Wheeler owned a house and lot at 205 Williamsboro Street. Mrs. Wheeler was indebted to J. L. Parrish. Payment of her debt was secured by deed of trust on the house and lot to T. S. Royster. On 27 February 1961 the building was damaged by fire. The amount then owing including taxes and premiums paid appellant, both secured by the deed of trust, was $8,783.68. Prior to the fire Royster as trustee had advertised the property for sale as authorized by the deed of trust. Foreclosure had not been completed when the fire occurred.

On 21 January 1961 appellant issued its fire insurance policy covering the dwelling to J. L. Parrish, who was designated as the insured. The policy afforded the insured maximum protection of $12,000 for a period of one year.

On 22 February 1961 plaintiff issued its policy of fire insurance covering the dwelling. Mrs. Wheeler was named as the insured. The policy afforded maximum protection in the sum of $17,500 for a term of three years from its date. The policy names J. L. Parrish as first mortgagee.

Each of the policies is in the form prescribed by statute, G.S. 58-176(c).

The court concluded Parrish was entitled to recover from plaintiff and appellant the full amount of the damage which should be apportioned between the two insurers in the proportion which the sum named as maximum of liability in its policy bore to the total insurance. The liability of each insurer was computed and judgment entered against each for its proportionate part of the loss. Appellant excepted and appealed.

*Dupree, Weaver, Horton & Cockman by Walter L. Horton, Jr., for plaintiff appellee.*
*Claude Bittle for appellant.*

RODMAN, J. The question presented by the appeal is: Should each of the insurers contribute to the payment of the loss in the proportion which the sum insured bears to the total insurance, or must plaintiff pay all the loss?

Both a mortgagor and a mortgagee have an insurable interest in encumbered property. *Shores v. Rabon*, 251 N.C. 790, 112 S.E. 2d

556; *Jeffreys v. Ins. Co.*, 202 N.C. 368, 162 S.E. 761; *Bank v. Bank*, 197 N.C. 68, 147 S.E. 691.

The mortgagee's interest is limited to the debt due him. The standard policy, G.S. 58-176, expressly provides the insured shall not collect "in any event for more than the interest of the insured." When a mortgagee purchases with his funds insurance solely for his protection, the insurer, upon payment of the mortgagee's loss as provided in the policy, is subrogated to the rights of the mortgagee against the mortgagor. *Bryan v. Ins. Co.*, 213 N.C. 391, 196 S.E. 345; *Batts v. Sullivan*, 182 N.C. 129, 108 S.E. 511; *Ins. Co. v. Reid*, 171 N.C. 513, 88 S.E. 779; 29A Am. Jur. 807; 46 C.J.S. 183. Where, however, the insurance is procured by the mortgagee pursuant to the authorization and at the expense of the mortgagor, no right of subrogation exists and the amount paid by the insurer must be applied to discharge or reduce mortgagor's obligation to mortgagee. *Buckner v. Ins. Co.*, 209 N.C. 640, 184 S.E. 520; *Batts v. Sullivan, supra; Concord Union Mutual Fire Ins. Co. v. Woodbury*, 45 Maine 447; *Hartford Fire Ins. Co. v. Bleedorn*, 132 S.W. 2d 1066; *Prentiss-Wabers Stove Co. v. Millers' Mut. Fire Ins. Ass'n.*, 213 N.W. 632; *Leyden v. Lawrence*, 81 A. 121; 46 C.J.S. 182; Couch on Insurance, sec. 2006F.

It is established by the finding that the premiums paid appellant were charged to the mortgagor and were a part of the debt which the owner must pay. If appellant discharges its obligation to its named insured who was acting with the authority of and at the expense of the mortgagor, it would have no right to assert a claim against the owner of the property. The payment so made would reduce or discharge the debt, dependent upon the amount of the loss and the debt owing. Payment made by plaintiff under the policy naming mortgagor as the insured but with a provision for the benefit of the mortgagee to the extent of his interest, *i.e.*, the debt owing, would likewise be applied to reduce mortgagor's debt.

Ervin, Jr., writing in *Green v. Ins. Co.*, 233 N.C. 321, 64 S.E. 2d 162, said: "It is the accepted position in North Carolina and most other states that when the standard or union mortgage clause is attached to or inserted in a policy insuring property against loss, it operates as a distinct and independent contract between the insurance company and the mortgagee, effecting a separate insurance of the mortgage interest. *Stockton v. Insurance Co.*, 207 N.C. 43, 175 S.E. 695; *Mahler v. Insurance Co.*, 205 N.C. 692, 172 S.E. 204; *Bennett v. Insurance Co.*, 198 N.C. 174, 151 S.E. 98, 72 A.L.R. 275; *Bank v. Bank*, 197 N.C. 68, 147 S.E. 691; *Bank v. Assurance Co.*, 188 N.C. 747, 125 S.E. 631; *Bank v. Ins. Co.*, 187 N.C. 97, 121 S.E. 37; Annotation: 124 A.L.R. 1035." This

declaration of the law was quoted by *Moore, J.,* in *Shores v. Rabon, supra.* He added: "This principle has been so steadfastly adhered to by this Court and for such long duration that it must be assumed that insurance companies contract and fix rates in full contemplation of the risk imposed thereby." No reason has been advanced which, in our opinion, would warrant us in reversing the conclusion reiterated as late as January 1960, *Shores v. Rabon, supra.*

We have then two policies of insurance issued with the authority and at the expense of the mortgagor payable to the mortgagee to the extent of his debt. Each policy insures the same property against the same peril. The mortgagee can proceed against either of the insurers and such payment as the insurer makes must be applied as a credit on the mortgage debt. The loss is less than the debt. The total insurance substantially exceeds the mortgage debt. Must the lost be paid by one of the insurance companies or should it be apportioned?

Each policy provides: "This Company shall not be liable for a greater proportion of any loss than the amount hereby insured shall bear to the whole insurance covering the property against the peril involved, whether collectible or not." The quoted provision is a part of the standard policy prescribed by statute. G.S. 58-176. The court correctly held that the amount to be paid to the mortgagee should be apportioned in the proportion which each policy bore to the total insurance available for that purpose. *Bank v. Insurance Co.,* 187 N.C. 97, 121 S.E. 37, and 188 N.C. 747, 125 S.E. 631; *Eddy v. L.A. Corporation,* 143 N.Y. 311; *Camden Fire Ins. Ass'n v. Sutherland,* 284 S.W. 927; *Hagan v. Hudson Ins. Co.,* 173 S.E. 477; *Lipsitz v. Union Ins. Soc. Limited,* 268 N.Y.S. 179.

The element which distinguishes this case from *McCoy v. Continental Ins. Co.,* 40 N.W. 2d 146, and similar cases relied on by appellant is the fact that the insurance in those cases was not taken with the authority and at the expense of the mortgagor. Those cases belong to a group illustrated by *Ins. Co. v. Reid, supra.*

The judgment is

Affirmed.