FIRST UNION NATIONAL BANK OF NORTH CAROLINA, ET AL., PLAINTIFFS V.
LINDLEY LABORATORIES, INC., ET AL., DEFENDANTS

No. COA98-147

(Filed 19 January 1999)

**Mortgages— equitable subrogation—not applicable**

The trial court did not err in a declaratory judgment action by denying plaintiff priority of lien through equitable subrogation where plaintiff had taken a deed of trust on a property (Lot 8) on 9 November 1994; an additional encumbrance was placed on Lot 8 on 12 May 1995 when it was substituted for the property in an existing deed of trust with defendant; Lot 8 was conveyed and the new owners gave plaintiff another deed of trust on 8 December 1995; the original deed of trust on Lot 8 (9 November 1994) was canceled; the original owners defaulted on the substitute deed of trust to defendant (12 May 1995); and foreclosure began. Equitable subrogation will not be enforced to displace an intervening right of title; defendant's 12 May deed of trust gained priority when the 9 November deed of trust was canceled.

Appeal by plaintiffs from judgment dated 12 November 1997 by Judge Abraham P. Jones in Alamance County Superior Court. Heard in the Court of Appeals 6 October 1998.

*Northern Blue, LLP, by David M. Rooks, III, for plaintiff-appellants.*

*Daniel S. Bullard, for defendant-appellee.*

GREENE, Judge.

First Union National Bank (Bank) appeals from the judgment of the trial court denying the relief requested in its Complaint for Declaratory Judgment.

The evidence before the trial court, which is not in dispute, reveals that on 9 November 1994, W. Lin Cobb and Breta Cobb (the Cobbs) gave a deed of trust to Bank encumbering Lot 8, Fairchild Heights in Alamance County (Lot 8). This deed of trust was recorded at Book 910, Page 426 in the Alamance County registry. On 12 May 1995, a loan modification agreement (Agreement) was executed between the Cobbs and Lindley Laboratories, Inc. (Defendant), which substituted Lot 8 for property listed in a previous deed of trust given by the Cobbs to Defendant. This Agreement was duly recorded at Book 936, Page 56 in the Alamance County registry. On 8 December 1995,. the Cobbs conveyed Lot 8 to Wayne A. Tissot and Marilyn J. Tissot (the Tissots), and recorded the deed at Book 971, Page 156 of the Alamance County registry. Also on 8 December 1995, the Tissots gave a deed of trust to Bank encumbering Lot 8. This deed of trust was recorded at Book 971, Page 158 of the Alamance County registry. The 9 November 1994 deed of trust from the Cobbs to Bank was marked satisfied as of 12 December 1995 and was canceled of record. The Cobbs subsequently defaulted on the note secured by the 12 May 1995 deed of trust and Agreement to Defendant and foreclosure proceedings were instituted on this 12 May 1995 deed of trust.

Bank alleged in its declaratory judgment complaint, argued to the trial court, and now argues to this Court that "the lien of the Tissots' deed of trust to [Bank] is equitably subrogated to the lien of the Cobb deed of trust to [Bank] such that the [8 December 1995] Tissot deed of trust is entitled to priority over [Defendant's 12 May 1995] deed of trust." We disagree.

The single issue is whether Bank is entitled to the benefit of equitable subrogation.

Although we recognize the doctrine of equitable subrogation, it simply does not apply in this case. "Subrogation is a consequence which equity attaches to certain conditions. It is not an absolute right, but one which depends on the equities and attending facts and circumstances of each case." 73 Am. Jur. 2d *Subrogation* § 11 (1974). Subrogation will not be enforced to "displace an intervening right of title." *Id.* at § 15.

In this case, when the 9 November 1994 deed of trust to Bank was marked satisfied and canceled, Defendant's 12 May 1995 recorded deed of trust gained priority over any subsequently recorded deeds of trust, including the 8 December 1995 deed of trust to Bank, as a mat-

ter of law. *See Bank v. Bank*, 197 N.C. 68, 72, 147 S.E. 691, 693 (1929) (priority given to mortgage first recorded); N.C.G.S. § 47-18 (1984); N.C.G.S. § 47-20 (Supp. 1997). Because subrogation cannot be used to displace Defendant's "intervening right of title," the trial court correctly denied Bank any declaratory relief. *Peek v. Trust Co.*, 242 N.C. 1, 86 S.E.2d 745 (1955), relied on by Bank in its brief to this Court, is not helpful to Bank because Bank cannot claim that it was "excusably ignorant" of the superior rights given to Defendant's recorded 12 May 1995 deed of trust upon cancellation of the 9 November 1994 deed of trust to Bank. *Peek*, 242 N.C. at 15, 86 S.E.2d at 755 (equitable subrogation used to grant relief to party "excusably ignorant" of intervening lien).

Affirmed.

Judges WALKER and SMITH concur.